[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2008
THOMAS K. KAHN
CLERK

No. 07-11044
Non-Argument Calendar
_____

D. C. Docket No. 06-00334-CR-2-RDP-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEDRICK LAMON GRIHAM,
a.k.a. Dedrick Griham,
a.k.a. Dedrick Graham,
a.k.a. Dee,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 21, 2008)

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Dedrick Lamon Griham appeals his convictions for car jacking, 18 U.S.C. § 2119, use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Griham argues on appeal that, over his objections, the district court erred by allowing the government to introduce 15 unauthenticated excerpts from a witness's June 1st interview with the police. For the reasons set forth more fully below, we affirm.

## I.

After Griham was arrested, on June 1, 2006, the witness gave a statement to the police. The statement was videotaped and transcribed, but the government did not offer either the videotape or the transcripts into evidence at Griham's trial during the witness's direct examination.

The witness testified that Griham, who had a gun, approached her in the parking lot of her apartment, and told her to get into her car and drive. The two drove to several banks and withdrew money from the witness's accounts. Eventually, Griham and the witness ended up in a motel room where, the witness testified, Griham raped her. When the police arrived at the motel room, they found the witness tied up and gagged underneath one of the beds. The witness

2

testified that Griham had two guns, a boxcutter, and some rope.

On cross-examination, Griham's counsel repeatedly asked the witness about the statements she gave during her June 1st interview with the police. On redirect examination, the government asked the witness to read 15 different excerpts from her June 1st statement in order to rebut the suggestions that Griham's counsel had made during cross-examination. On recross-examination, Griham's counsel continued to refer to the witness's June 1st statement. On further redirect examination, the government again asked the witness to read excerpts from her June 1st statement.

Griham took the stand in his own defense and testified that, in order to make one thousand dollars, he arranged to meet the witness in the parking lot of her apartment building and "fake kidnap" her. When Griham approached the witness, she told him to "make it look real." Griham and the witness drove around to several banks in order for the witness to get enough money together to pay Griham the one thousand dollars. Griham testified that, after he and the witness had consensual sex at the motel, they saw the witness's picture on TV. Griham told the witness to call her boyfriend and "straighten it out," but the witness told Griham, "I can't. I can't." Griham tied the witness up, and was gathering his things when the police arrived at the door. On cross-examination, Griham

admitted that he was a convicted felon and that he was armed when he approached the witness in the parking lot. Griham also admitted that the firearms he possessed were loaded.

The jury found Griham guilty on all three counts. At the sentencing hearing, the district court found that Griham's testimony about the "fake kidnaping" was "false and perjurious," and it imposed an enhancement for obstruction of justice. Griham was sentenced to: (1) 180 months' imprisonment for car jacking (Count 1); (2) 84 months' imprisonment for use of a firearm during and in relation to a crime of violence (Count 2); and (3) life imprisonment for felon in possession of a firearm (Count 3).

## II.

"A district court is granted broad discretion in determining the admissibility of a prior consistent statement under Fed.R.Evid. 801(d)(1)(B) and will not be reversed absent a clear showing of abuse of discretion." United States v. Drury, 396 F.3d 1303, 1317 (11th Cir.2005) (quotations and citation omitted). However, "where a party makes no objection in the trial court to the matter complained of on appeal, our review is for plain error." United States v. Vance, 494 F.3d 985, 993 (11th Cir. 2007) (citation and brackets omitted).

Pursuant to Rule 103 of the Federal Rules of Evidence:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, <u>stating the specific ground of objection</u>, if the specific ground was not apparent from the context.

Fed.R.Evid. 103(a)(1) (emphasis added).  We have stated that:

To preserve an issue at trial for later consideration by an appellate court, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought. <u>A general objection or an objection on other grounds will not suffice</u>.

<u>United States v. Dennis</u>, 786 F.2d 1029, 1042 (11th Cir. 1986) (emphasis added).

Initially, although Griham's counsel made three objections during the government's redirect examination of the witness, the record does not reflect that counsel specifically objected to the admissibility or the authenticity of the excerpts.   Therefore, we review for plain error only.

"Plain error exists 'only where (1) there is an error; (2) the error is plain; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity or public reputation of a judicial proceeding.'" <u>Vance</u>, 494 F.3d at 993 (citation omitted). "An error may substantially influence an outcome and thus warrant reversal even if the evidence, had no error occurred, would have been sufficient to support the conviction." <u>United States v. Hands</u>, 184 F.3d 1322, 1329 (11th Cir. 1999)

5

(discussing harmless error for evidentiary errors). "We determine whether an error had substantial influence on the outcome by weighing the record as a whole." Id. The burden of proving prejudice rests with the non-objecting defendant. See United States v. Olano, 507 U.S. 725, 734-35, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993).

"A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive . . . ." Fed.R.Evid. 801(d)(1)(B). Thus, "prior consistent statements are treated as admissible non-hearsay only if they are offered to rebut a specific allegation of recent fabrication, not to rehabilitate credibility that has been generally called into question." Drury, 396 F.3d at 1316 (emphasis in original); see also United States v. Ettinger, 344 F.3d 1149, 1160-61 (11th Cir. 2003) (holding that officer's statement made to the FBI agent was admitted properly to rebut an implied charge of recent fabrication). In addition, "the [prior] consistent statements must have been made before the alleged influence or motive to fabricate arose." Tome v. United States, 513 U.S. 150, 158, 115 S.Ct. 696, 701, 130 L.Ed.2d 574 (1995).

6

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). One example of authentication is when a witness with knowledge testifies that a matter is what it is claimed to be. Fed.R.Evid. 901(b)(1).

Griham cannot satisfy the first prong of the plain error analysis with regard to the authenticity of the excerpts. Each time the witness finished reading either one or two excerpts, she verified that the statements she had read were, in fact, her statements given on June 1st. In addition, it is clear from a review of the trial transcripts that the witness authenticated the entire statement she read, even where she read two excerpts in a row. Thus, the witness testified that the matter was what it was claimed to be, and, as such, there was no error because the excerpts were properly authenticated.

Griham also cannot satisfy the first prong of the plain error analysis with regard to the admissibility of the excerpts. The witness testified at trial and was subject to cross-examination. During cross-examination, Griham's counsel repeatedly implied that the witness's testimony at trial was inconsistent with specific statements that she gave the police during the June 1st interview. Thus, because Griham's counsel implied that the witness had recently fabricated her

7

testimony, the government was entitled to introduce excerpts from the witness's June 1st interview in order to rebut the defense's charges. Significantly, Griham does not contest that the admission under Rule 801(d)(1)(B) would have been proper so long as the evidence was properly authenticated. Therefore, the district court did not err by admitting the evidence under Rule 801(d)(1)(B).[1]

Moreover, Griham has not shown that any potential error in admitting the excerpts affected his substantial rights because, even if the excerpts were excluded, the remaining evidence was sufficient to support Griham's convictions. The witness testified that she was approached by Griham, who was armed, and that Griham told her to get back into the car and drive. The witness's testimony concerning the initial encounter is corroborated by other evidence. Moreover, Griham admitted that he was armed when he approached the witness in the parking lot, and the police found Griham with two firearms and a boxcutter in a motel room. Although Griham testified that the kidnaping was fake, the jury was free to disbelieve him and use his statements as substantive evidence of his guilt. See United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995) ("a statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of

---

[1] Because the excerpts were admissible under Rule 801(d)(1)(B) and authenticated under Rule 901, it is unnecessary to address Griham's arguments concerning the inadmissability of the excerpts under Rules 602, 611(c), and 1002.

the defendant's guilt.") (emphasis in original).  Thus, there was sufficient evidence to support Griham's conviction for car jacking.  See 18 U.S.C. § 2119 ("Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so . . . ").

There was sufficient evidence to support Griham's conviction for being a felon in possession because Griham admitted that he was a convicted felon and that he was armed with loaded firearms.  See 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm or ammunition ").

In addition, there was sufficient evidence to convict Griham of using a firearm during and in relation to a crime of violence because Griham possessed a firearm during the car jacking.  See 18 U.S.C. § 924(c) ("any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . .").

In light of the foregoing, the district court did not plainly err by admitting the excerpts from the witness's June 1st statement, and Griham's convictions are

**AFFIRMED.**