[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13098

_____

D.C. Docket Nos. 2:16-cv-08117-RDP,
2:06-cr-00334-RDP-JEO-1

DEDRICK LAMON GRIHAM,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 15, 2021)

Before GRANT, TJOFLAT, and ED CARNES, Circuit Judges.

PER CURIAM:

Dedrick Griham, a federal prisoner, appeals the district court's dismissal of

his unauthorized, successive 28 U.S.C. § 2255 motion and its refusal to transfer his

motion to our Court under 28 U.S.C. § 1631. Section 1631 provides that a court lacking jurisdiction over a "civil action" must transfer that action to the proper court if such transfer is "in the interest of justice." The issue on appeal is whether Griham's § 2255 motion was a civil action for purposes of § 1631 and, if so, whether transferring that motion to this Court was in the interest of justice. Only if both requirements were met was the district court required to transfer the motion.

## I. FACTS AND PROCEDURAL HISTORY

### A. Conviction and Sentence

In 2006 a jury convicted Griham of carjacking, 18 U.S.C. § 2119 (Count One); carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A) (Count Two); and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Count Three). Those convictions arose from the kidnapping, robbery, and sexual assault of an attorney in Birmingham, Alabama. The presentence investigation report showed that at the time these crimes occurred, Griham already had six prior convictions that qualified both as violent felonies under the Armed Career Criminal Act (ACCA) and as crimes of violence under the United States Sentencing Guidelines § 4B1.1. Those six convictions were for an Arkansas robbery, two Mississippi armed robberies, and three third-degree Alabama robberies.

Griham's total offense level was 40, which, coupled with his criminal history category of VI, yielded a statutory maximum sentence of 180 months for Count One; a consecutive sentence of 84 months to life for Count Two; and a sentence of 180 months to life for Count Three. In sentencing Griham the court found that he "qualifie[d] as a career offender within the meaning of Section 4B1.1," resulting in a guidelines range of 444 months to life, plus a consecutive 84 months, pursuant to § 4B1.1(c)(2). The court sentenced Griham to 180 months on Count One, 84 months on Count Two, and life on Count Three, with the sentences on the first and third counts to run concurrently. Neither the sentencing transcript nor the judgment indicates that Griham was sentenced under the ACCA; they show that he was sentenced as a career offender under U.S.S.G. § 4B1.1(c)(2).

Griham appealed his conviction but did not contest his sentences. United States v. Griham, 278 F. App'x 960, 960–61 (11th Cir. 2008). We affirmed. Id. at 961.

### B. Collateral Attacks

In September 2009 Griham filed his first § 2255 motion. The district court dismissed that motion as untimely because he filed it more than one year after his conviction became final. See 28 U.S.C. § 2255(f).

In June 2016 Griham filed a second § 2255 motion, which is the one before us in this appeal. The motion claimed that his life sentence should be vacated in

light of <u>Johnson v. United States</u>, 576 U.S. 591 (2015), which invalidated the

ACCA's residual clause as unconstitutionally vague.  The government responded

that the district court should dismiss the motion for lack of jurisdiction because it

was a second or successive one, and Griham failed to obtain from this Court the

authorization required by § 2255(h) before he filed it.  Griham countered that

instead of dismissing his motion the district court should, under 28 U.S.C. § 1631,

transfer his motion to this Court for treatment as a § 2244(b)(3)(A) application and

for a decision from this Court about whether to authorize the district court to

consider it.  <u>See generally</u> 28 U.S.C. § 2255(h); § 2244(b)(3)(A)–(C).

Griham contended that other circuits permit such transfers and that one

would serve the interest of justice in this case.  It would serve justice, he asserted,

because he had filed his § 2255 motion within one year after <u>Johnson</u> was issued,

but the limitations period has now expired.  As a result, if the dismissal stands, any

new <u>Johnson</u>-based motion Griham files will be time-barred.  Griham argued that

he could make the required § 2244(b)(3)(C) prima facie showing that his sentence

was improperly enhanced under the ACCA because his prior convictions were not

qualifying predicate offenses, and the record suggested that the sentencing court

may have relied on the residual clause.[1]

---

[1] Griham's arguments to the district court and this Court are aimed at what he believes
was an ACCA enhancement to his sentence, but the record shows that his sentence actually was
enhanced under the career-offender guideline, not the ACCA.  In any event, as explained below,

The district court dismissed Griham's § 2255 motion for lack of jurisdiction because he failed to seek authorization from this Court to file a second or successive petition. See 28 U.S.C. § 2255(h). And it ruled that it could not transfer his petition under 28 U.S.C. § 1631 because a § 2255 motion is not a civil action for purposes of § 1631. Alternatively, the district court ruled that even if it had authority to transfer the case, it would not be in the interest of justice to do so because a transfer would be futile.

Griham timely appealed.

## II. STANDARD OF REVIEW

We review de novo the dismissal of a § 2255 motion as second or successive. Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014). We review only for abuse of discretion a district court's decision not to transfer a case under 28 U.S.C. § 1631. Dobard v. Johnson, 749 F.2d 1503, 1507 n.8 (11th Cir. 1985).

## III. DISCUSSION

The sole issue on appeal is whether the district court abused its discretion in declining to treat Griham's § 2255 motion as a civil action for purposes of § 1631 and transfer it to this Court. [2]

---

it doesn't matter whether the enhancement was based on the ACCA or the career-offender guideline because, either way, it is valid.

   [2] Griham also argued in the district court that it had jurisdiction to consider his second

5

In Guenther v. Holt, 173 F.3d 1328, 1330 & n.3 (11th Cir. 1999), we faced the question of whether a 28 U.S.C. § 2254 habeas petition is a civil action for purposes of a § 1631 transfer. What we decided was not to decide that question, because it didn't matter. It didn't matter because the petitioners in that consolidated appeal had failed to meet the interest of justice requirement anyway. Since they would not have been entitled to a transfer even if a § 2254 petition is a civil action for § 1631 purposes, we affirmed on futility grounds the district court's decision not to transfer the habeas petitions to us. Id. at 1330 n.2, 1331–32. As we explained, "§ 1631 authorizes a transfer that 'is in the interest of justice,' [and] [n]either petitioner in this case presents circumstances that would entitle him in the interest of justice to a transfer." Id. at 1330–31 (quoting 28 U.S.C. § 1631). The same is true here.

When "an applicant contends that his motion contains a claim involving a new rule of constitutional law for purposes of § 2255(h)(2)," as Griham does, he must "show that there is a 'reasonable likelihood' that he will benefit from the rule." In re Pollard, 931 F.3d 1318, 1319–20 (11th Cir. 2019). Griham claims in his § 2255 motion that his life sentence should be vacated in light of the Supreme Court's Johnson decision, which is a "new rule of constitutional law for purposes

---

§ 2255 motion because his first one was dismissed as time-barred and not on the merits. Because he does not raise that issue in his appellate briefs, Griham has waived it. See United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999).

of § 2255(h)(2)." Id. at 1319; see Welch v. United States, 578 U.S. __, 136 S. Ct. 1257, 1268 (2016). But Griham cannot benefit from that rule. He was sentenced as a career offender under the Guidelines, not as a career criminal under the ACCA, and the Supreme Court held in Beckles that the "Guidelines are not subject to a vagueness challenge under the Due Process Clause." Beckles v. United States, 580 U.S. __, 137 S. Ct. 886, 892 (2017).

And even if, as he insists, Griham had been sentenced under the ACCA, his life sentence would still stand because he has three prior convictions for third-degree Alabama robbery, which qualify as violent felonies for purposes of the ACCA. See United States v. Hunt, 941 F.3d 1259, 1262 (11th Cir. 2019), petition for cert. filed, (U.S. Jan. 28, 2020) (No. 19-7506). Griham asserts that we "should permit his claim to go forward because a petition for certiorari is pending before the Supreme Court in Hunt." But certiorari petitions do not suspend operation of the law, and we are bound by our published decisions unless and until they are overruled by the Supreme Court or by our Court sitting en banc. United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003). The Hunt decision has not been.

Because Griham cannot make a prima facie showing that he is entitled to relief under Johnson, a § 1631 transfer of his second or successive motion to this Court would be futile and thus not in the interest of justice. See Guenther, 173 F.3d at 1330 n.2, 1331–32.

7

**AFFIRMED.**[3]

---

[3] This case was originally scheduled for oral argument, but as our local rules permit, we have unanimously concluded that oral argument is not necessary. See 11th Cir. R. 34-3(f).