[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 98-6296

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/27/99
THOMAS  K. KAHN
CLERK

D.C. Docket No. CV-97-A-1407-N

CARL FRANCIS GUENTHER,

Petitioner-Appellant,

versus

ARNOLD HOLT, Warden, et al.,

Respondents-Appellees.

No. 98-6297

D.C. Docket No. Cv-98-A-47-N

SAMUEL JACKSON,

Petitioner-Appellant,

versus

BILLY MITCHEM, Warden, et al.,

Respondents-Appellees.

Appeals from the United States District Court
for the Middle District of Alabama

**(April 27, 1999)**

Before ANDERSON and HULL, Circuit Judges, and HANCOCK*, Senior District Judge.

ANDERSON, Circuit Judge:

In the two cases consolidated for this appeal, the district court dismissed the petitioners' applications for a writ of habeas corpus as second or successive and refused to transfer the applications to this court pursuant to 28 U.S.C. § 1631. Because such a transfer could not have helped one of the petitioners, and was unnecessary with respect to the other, we decline to decide the issue of whether a § 1631 transfer was potentially available and, if so, whether it should have been made.

Between 1990 and 1994, Guenther filed two applications[1] and Jackson filed one application for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254, each challenging his respective conviction in the Circuit Court of Montgomery County, Alabama. The applications were denied and dismissed with prejudice. Therefore, the presence of these prior applications made any subsequent petitions "second or successive." Without receiving prior authorization from this court, Guenther filed on September 22, 1997 and Jackson filed on January 20, 1998 another § 2254 application pro se in the district court. The magistrate judge recommended that these latest applications be dismissed because Guenther and Jackson had not been authorized by this court pursuant to 28 U.S.C. § 2244(b)(3)(A) to file the second or successive applications. Both petitioners filed objections, arguing that the applications should be transferred to this court as motions for authorization to proceed with the successive applications.

---

*Honorable James H. Hancock, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

[1] Guenther also filed a third application for a writ of habeas corpus in April of 1997 which was dismissed without prejudice for failure to exhaust state remedies.

The district court adopted the recommendations of the magistrate judge, refused to transfer the applications to this court, and dismissed the applications for failure to obtain authorization from this court as required by § 2244(b)(3)(A).[2]  Those rulings are the subject of this appeal.

28 U.S.C. §2244(b)(3)(A) provides that "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Guenther and Jackson do not dispute that their §2254 applications for a writ of habeas corpus are "second or successive" applications.  Rather, they contend that the district court should have construed their applications as motions for §2244(b)(3)(A) authorization and transferred them to this court pursuant to 28 U.S.C. §1631.[3]

---

[2]  In a vacuum, such dismissal would not be problematic because the petitioner could simply refile, properly seeking §2244(b)(3)(A) authorization from the court of appeals before doing so.  However, a quandary may emerge when such dismissal is combined with the one-year statute of limitations made applicable to habeas corpus claims by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  See 28 U.S.C. §2244(d)(1).  If the limitations period runs during the course of the erroneously filed, dismissal-prone district court proceeding, the petitioner may run out of time to refile in the correct manner.  This is the problem that has motivated some courts of appeals to hold that district courts should transfer the first, erroneously filed case to the court of appeals pursuant to 28 U.S.C. §1631.  See Coleman v. United States, 106 F.3d 339, 341 ("[I]f the district court merely strikes or dismisses the successive petition rather than transferring the matter, compliance with the one-year limitations periods set forth in §§2244 and 2255 would become more difficult.").  Of course, the reasoning of these cases that §1631 can be used to mitigate the statute of limitations problem is predicated on the notion that once authorization is belatedly granted, the date of filing for limitations purposes relates back to the date of the initial, albeit improper, filing in the district court.  We need not decide today whether such a transfer is appropriate or whether the date of filing relates back in this manner, because as discussed below the record in each case is clear that a transfer would have been either futile or unnecessary.

[3]  28 U.S.C. §1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for

3

The Second, Sixth, and Tenth Circuits have held that §1631 permits such transfers. See In re Sims, 111 F.3d 45 (6th Cir. 1997); Coleman v. United States, 106 F.3d 339 (10th Cir. 1997); Liriano v. United States, 95 F.3d 119 (2d Cir. 1996); see also Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) (acknowledging, in dicta, that a district court could transfer a second or successive application to the court of appeals under §1631), cert. denied, 118 S. Ct. 1807 (1998); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (same). These cases assume that once the court of appeals grants the authorization to file a second or successive application, the date of filing for limitations purposes would relate back to the initial, albeit improper, filing in the district court. Alternatively, it has been suggested that staying the action for a limited period and directing the petitioner to seek authorization to file a second or successive petition in the court of appeals would be a workable solution. On the other hand, significant issues arise as to whether the language of 28 U.S.C. §2244(b)(3)(A) (requiring an applicant to move in the court of appeals "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court") is a jurisdictional bar mandating dismissal, or only a condition precedent.

We need not decide whether such a stay or a § 1631 transfer would be viable as an abstract matter, nor need we decide the relation back issue. [4] If applicable, §1631 authorizes a

or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

[4]     We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze §1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of §1631, and a different result may occur depending upon whether the matter to

transfer that "is in the interest of justice." Neither petitioner in this case presents circumstances that would entitle him in the interest of justice to a transfer or stay. With respect to petitioner Jackson, he filed his §2254 application on January 20, 1998. For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998); Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998). Jackson's conviction became final in 1991 prior to the effective date of the AEDPA, so his limitations period commenced on April 24, 1996 and expired on April 23, 1997, nearly nine months before he filed his §2254 application. If applicable, a transfer under §1631 would not benefit Jackson because his application, in addition to being second or successive, was indisputably time-barred.

Petitioner Guenther, who is attacking a 1967 conviction, filed his §2254 application on September 22, 1997. Although this was more than one year after the effective date of the AEDPA, Guenther is able to take advantage of a tolling provision built into §2244(d). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)]." 28 U.S.C. §2244(d)(2). Guenther had filed a petition for post-conviction relief under Ala. R. Crim P. 32 in Alabama circuit court on July 14, 1995. That

---

be transferred is viewed as a §2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the §2254 application as a motion under §2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. §2244(b)(3)(A) requiring an applicant to move in the court of appeals "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court." (Emphasis supplied).

action was still pending in the Alabama court system when the AEDPA took effect on April 24, 1996. See generally Guenther v. State, 702 So. 2d 484, 486 (Ala. Crim. App. 1996) (tracing through the chronology of Guenther's state post-conviction case). The Alabama Court of Criminal Appeals ruled adversely to Guenther on January 17, 1997 and the Alabama Supreme Court denied certiorari on July 18, 1997. See id. Thus, his post-conviction action in the Alabama courts was pending until July 18, 1997, and the limitations period was tolled under §2244(d) until that date, and began to run on that date. The one-year limitations period did not expire until July 18, 1998. 28 U.S.C. §2244(d)(2). When Guenther filed his application on September 22, 1997, about ten months remained on the one year period of limitations, and when the district court dismissed his application on April 6, 1998, over three months remained. Moreover, the magistrate judge's report and recommendation of February 13, 1998 put Guenther on notice of the necessity of moving in the court of appeals for an order authorizing the district court to consider a second or successive application. See Magistrate Judge's Report & Recommendation at 2. Guenther's action was dismissed without prejudice. Guenther had ample time to seek from this court the §2244(b)(3) authorization and refile his §2254 application, prior to the July 18, 1998 expiration of the limitations period, had he chosen to do so.[5] In the circumstances of these two cases, the interest of justice indicates neither a transfer under §1631 nor a stay.

Thus, neither petitioner would be entitled to relief regardless of the applicability of §1631: Jackson, because the limitations period had already expired before he filed; and

---

[5] We note in this regard that this court is required to "grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion." 28 U.S.C. §2244(b)(3)(D).

6

Guenther, because the limitations period had ample time left when the action was dismissed. Accordingly, we decline to decide whether a §1631 transfer might be a viable option in some other case, and we decline to decide whether a stay, instead of a dismissal without prejudice, should be ordered in some other case, and we decline to decide the relation back issue. However, we do suggest that the problems inherent in cases like these could be greatly curtailed if the district courts revised the forms that are provided to pro se §2254 petitioners so that they reflect the changes made to habeas corpus law by the AEDPA. For example, the forms could convey the necessity of obtaining authorization in the court of appeals before filing a second or successive application, see 28 U.S.C. §2244(b)(3)(A), advise petitioners of the restrictive circumstances that can justify a second or successive application under the AEDPA,[6] see id. §2244(b)(2), and make petitioners aware of the new one-year statute of limitations, see id.

---

[6] 28 U.S.C. §2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §2244(b)(2) provides that a claim not presented in a prior application shall be dismissed unless

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§2244(d).[7] Such instructions would better ensure that the proper procedures are followed, both facilitating the access to the courts which the current statute permits, and reducing erroneously filed applications in district courts which consume scarce district court resources, and possibly also deterring the filing of frivolous second or successive habeas applications (e.g., those clearly barred by the statute of limitations or clearly insufficient to meet the restrictive standards for second or successive applications), which, of course, would conserve scarce judicial resources at both the district and appellate levels.[8]

The judgments of the district court dismissing these cases are

**AFFIRMED.**

---

[7] Although the instant cases were §2254 applications, the same concerns are generally applicable to motions to vacate, set aside, or correct a federal sentence under 28 U.S.C. §2255 and the forms provided to movants under that section.

[8] We note in this regard that the form currently used by the Northern District of Georgia contains helpful information regarding the necessity of obtaining §2244(b)(3) authorization from the court of appeals before proceeding with a second or successive petition, and regarding the new one-year statute of limitations. The form currently used by the Middle District of Florida with respect to §2254 applications advises petitioners regarding the necessity of obtaining §2244(b)(3) authorization.