Tracy Taylor v. NH State Prison        CV-99-137-B     07/13/99

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Tracy Taylor</u>

    v.                                    Civil No. 99-137-B

<u>New Hampshire State Prison</u>


O R D E R

The issue I address in this order is whether Tracy Taylor's habeas corpus petition is barred by the one-year statute of limitations that governs such claims. <u>See</u> 28 U.S.C.A. § 2244(d)(1).

The statute of limitations began to run with respect to Taylor's federal habeas corpus claim on "the date on which the [challenged] judgment became final." 28 U.S.C.A. § 2244(d)(1)(A).[1] In a case such as this, where a defendant appeals his conviction in state court but does not seek certiorari from the

_____

[1] A claim based on 28 U.S.C.A. § 2254 may be maintained more than one year after the date on which the petitioner's conviction became final if (1) the petitioner was prevented from making the motion earlier by illegal governmental action; (2) the Supreme Court recognized the right on which the petition is based after petitioner's conviction became final and the right is made retroactively applicable to cases on collateral review; or (3) petitioner could not reasonably have discovered the facts on which his claim is based until after his conviction became final. 28 U.S.C.A. § 2244(d)(1). None of these exceptions apply in this case.

United States Supreme Court, his conviction becomes "final" when the time for filing a petition for writ of certiorari challenging the conviction expires. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). The statute is tolled, however, during the time in which "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C.A. § 2244(d)(2). A state post-conviction proceeding is "pending" from the date that the petition commencing the proceeding is filed until the date that the state supreme court rejects the appeal. See Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1322 (10th Cir. 1999). Finally, a habeas corpus petition submitted by a prisoner is deemed to be "filed" for purposes of the statute of limitations when it is placed in the prison mail system for delivery. See Nichols v. Bowersox, 172 F.3d 1068, 1075 (8th Cir. 1999).

Applying these rules in the present case, I cannot grant the state's motion for summary judgment because I cannot determine when Taylor placed his state and federal habeas corpus petition in the prison mail system for delivery. The answer to this question will determine whether his federal petition is time barred.

Taylor's state court conviction became "final" for purposes of the statute of limitations on September 3, 1996, when the time for filing a writ of certiorari with the Supreme Court expired. If Taylor placed his habeas corpus petition in the prison mail system for delivery on March 17, 1999, the date he signed the petition, a total of two years and 195 days elapsed between the date that Taylor's state court conviction became final and the date that he "filed" his federal habeas corpus petition. The statute of limitations was tolled from the date that Taylor "filed" his state court habeas corpus petition until April 24, 1998, the date that the New Hampshire Supreme Court rejected his motion to reconsider the denial of his appeal. If Taylor placed his state court petition in the prison mail system on October 10, 1998, the date that he signed the petition, the tolling period was one year and 196 days. Thus, when the tolling period is taken into account, it is possible that Taylor "filed" his federal habeas corpus petition two days before the statute of limitations expired. Accordingly, I cannot grant the state's motion for summary judgment on the present record.[2]

_____

[2] I note that Taylor cannot blame any failure to file a timely petition on his attorney in the state habeas corpus proceedings. Even if malpractice could excuse a failure to comply with the statute of limitations, an argument I do not accept, the record in this case demonstrates that Taylor's

Respondent's motion to dismiss (document no. 8) is denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

July 13, 1999

cc:  Tracy Taylor, pro se
     N. William Delker, Esq.

_____

failure to file his federal habeas corpus petition earlier was
his own fault rather than the fault of his attorney.  Thus, if
the state could prove that Taylor placed his state and federal
habeas corpus petitions in the prison mail system later than the
dates that he signed the petitions, his claim would be barred by
the statute of limitations.

-4-