[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 1, 2011
JOHN LEY
CLERK

No. 10-13739
Non-Argument Calendar

_____

D.C. Docket Nos. 0:09-cv-60888-MGC,
0:04-cr-60107-MGC-1

THOMAS J. FOLEY, III,

Plaintiff-Appellee,

versus

UNITED STATES OF AMERICA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 1, 2011)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Thomas J. Foley, III, a federal prisoner, appeals pro se the dismissal of his

motion to vacate his sentence. 28 U.S.C. § 2255. The district court ruled that Foley's motion was untimely and that Foley was not entitled to file an out-of-time direct appeal based on ineffective assistance of counsel. Because Foley's motion was untimely, we need not reach the issue of ineffective assistance of counsel. We affirm.

Foley concedes that he filed his motion to vacate more than one year after his judgment of conviction became final on May 9, 2008, id. § 2255(f)(1), but Foley contends that he is entitled to equitable tolling. Foley, a college graduate, alleges that a prison law clerk provided him the wrong form for filing a motion to vacate in April 2009, approximately one month before the limitations period for filing his motion had expired. Instead of filing a motion to vacate his sentence, Foley then filed in this Court an application for leave to file a successive motion, which we denied as unnecessary. On June 9, 2009, Foley filed a motion to vacate in the district court. Foley also argues that this Court should have transferred his application to the district court where it could have been construed as an original motion before the limitations period expired.

We review de novo a dismissal of a motion to vacate as untimely. Outler v. United States, 485 F.3d 1273, 1278 (11th Cir. 2007). We review any findings of fact for clear error. Dorsey v. Chapman, 262 F.3d 1181, 1185 (11th Cir. 2001).

2

We will affirm findings of fact unless "'the record lacks substantial evidence'" to support them. Lightning v. Roadway Express, Inc., 60 F.3d 1551, 1558 (11th Cir. 1995) (quoting Thelma C. Raley, Inc. v. Kleppe, 867 F.2d 1326, 1328 (11th Cir. 1989)). Equitable tolling of the limitations period for a motion to vacate is an "extraordinary remedy" that is to be applied sparingly, and the burden for establishing eligibility for equitable tolling falls squarely on the prisoner. Outler, 485 F.3d at 1281. We have explained that equitable tolling "is available only if a [prisoner] establishes both extraordinary circumstances and due diligence." Diaz v. Sec'y of Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004). In Holland v. Florida, the Supreme Court recently explained that equitable tolling requires "reasonable diligence" instead of "maximum feasible diligence." 560 U.S. __, 130 S. Ct. 2549, 2565 (2010). "[A] determination regarding a party's diligence is a finding of fact that 'will not be disturbed unless clearly erroneous.'" Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002) (quoting Walters v. City of Atlanta, 803 F.2d 1135, 1145 (11th Cir. 1986)).

The district court did not clearly err in finding that Foley failed to exercise reasonable diligence, which means that Foley is not entitled to equitable tolling of the limitations period for his motion. The form that Foley used to file an application for a successive motion clearly explained that it was for prisoners who

3

had previously filed a motion to vacate, and the record supports the finding by the district court that Foley's counsel had explained to him the process for seeking collateral relief following Foley's direct appeal. In addition, neither the rule, Fed. R. App. P. 22(a), nor the statute, 28 U.S.C. § 1631, cited by Foley obliged this Court to transfer Foley's application for a successive motion to the district court for filing as an original motion. Gruenther v. Holt, 173 F.3d 1328 (11th Cir. 1999). We affirm the dismissal of Foley's motion to vacate as untimely.

**AFFIRMED.**