[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13622
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-80188-BB

MICHAEL BAYSEN,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 8, 2017)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Baysen, proceeding *pro se*, appeals from the district court's dismissal of his habeas corpus petition under 28 U.S.C. § 2254. He does not dispute that his petition was successive and required authorization from this Court. He argues, however, that the district court should have transferred the petition to this Court in the interest of justice.

We review questions concerning jurisdiction *de novo*. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). Under 28 U.S.C. § 2244(b), a state prisoner who wishes to file a second or successive habeas corpus petition must move the court of appeals for an order authorizing the district court to consider such a petition. See 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacks jurisdiction to consider a successive § 2254 petition. Williams, 510 F.3d at 1295.

A three-judge panel of the court of appeals may grant such authorization only if the proposed petition contains claims premised on either (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) a "factual predicate" that "could not have been discovered previously through the exercise of due diligence" and that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying

offense."  28 U.S.C. § 2244(b)(2)(A), (B).  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C); see also Jordan v. Sec'y, Dep't of Corrs., 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

Whenever a civil action is filed in a district court and the court finds that it lacks jurisdiction, it shall, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought at the time it was filed.  28 U.S.C. § 1631.  It is unclear whether § 1631 authorizes a district court to construe a successive § 2254 petition as an application for leave to file such a petition and then to transfer the application to this Court.  Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999).  However, such a transfer is not required if the petition was untimely when it was filed or if the petitioner still had ample time to file an application, because the interests of justice would not be served by the transfer.  Id. at 1331.

Here, the interests of justice did not require transferring Baysen's petition to this Court, because there was no upcoming deadline or any other procedural hindrance preventing Baysen from simply filing an application with this Court.

3

Guenther, 173 F.3d at 1331. Because Baysen had not obtained authorization from this Court to file his successive § 2254 petition, the district court properly dismissed his petition for lack of subject-matter jurisdiction. Additionally, in this case, Appellant previously filed a motion in this Court to file a successive petition under § 2254—the very result he seeks in arguing that the District Court should have transferred the instant petition to this court—and it was denied. The Appellant neither presents a new rule of constitutional law, nor alleges facts that could not have been found at an earlier time through the exercise of due diligence.

**AFFIRMED.**[1]

---

[1] Baysen's motion for a Certificate of Appealability, Summary Reversal and Remand is denied on all counts.