[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12910
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00242-WKW-TFM

JOSEPH WILSON,

Petitioner-Appellant,

versus

WARDEN,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(December 5, 2017)

Before MARCUS, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Joseph Wilson, an Alabama prisoner proceeding *pro se*, appeals the district court's dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The court dismissed the § 2254 petition for lack of jurisdiction because it was an unauthorized second or successive petition. After careful review, we affirm.

## I.    BACKGROUND

In November 2004, Petitioner filed a § 2254 petition in the Middle District of Alabama, challenging his 2001 state convictions for six counts of theft by deception. The district court dismissed Petitioner's § 2254 petition as time-barred and Petitioner did not appeal.

In the meantime, Petitioner also filed a § 2254 petition, challenging his 2003 state convictions for two counts of theft by deception. The district court dismissed the petition with prejudice and denied Petitioner a certificate of appealability. We also denied Petitioner a certificate of appealability.

In April 2017, Petitioner filed the § 2254 petition that is the subject of the present appeal. In that petition, he challenged his 2001 and 2003 theft-by-deception convictions. A magistrate judge issued a Report and Recommendation ("R&R"), recommending that the petition be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 2244(b)(3)(A) because Petitioner had not sought permission from our Court to file a successive habeas petition. Over Petitioner's

2

objection, the district court adopted the R&R and dismissed the § 2254 petition without prejudice.

## II.    DISCUSSION[1]

We review *de novo* whether a petition for a writ of habeas corpus is second or successive. *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011); *see also Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1009 (11th Cir. 2012) (reviewing the district court's dismissal of a 28 U.S.C. § 2254 petition *de novo*). A state prisoner who has previously filed a § 2254 petition in federal court must obtain authorization from our Court before filing a "second or successive" collateral attack on the same conviction. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to consider a successive § 2254 petition and must dismiss it. *Tompkins v. Sec'y Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009).

Petitioner's present § 2254 petition challenges his 2001 and 2003 state convictions for theft by deception. Petitioner already filed § 2254 petitions challenging the same 2001 and 2003 convictions, both of which were dismissed with prejudice. *See Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999)

---

[1] We note that a certificate of appealability was not required for this appeal. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (concluding that a certificate of appealability is not necessary to appeal a district court's dismissal for lack of subject matter jurisdiction because such an order does not constitute "a final order in a habeas corpus proceeding" for purposes of 28 U.S.C. § 2253(c)).

(explaining that a subsequent § 2254 petition is second or successive if the first petition was denied or dismissed with prejudice); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (indicating that a petition dismissed as untimely is considered to be with prejudice for purposes of § 2244(b)(3)(A)). Because Petitioner failed to obtain authorization from our Court before filing his § 2254 petition in the district court, the district court lacked jurisdiction to consider his claims and was required to dismiss the petition. *See Tompkins*, 557 F.3d at 1259. Accordingly, the district court's dismissal of Petitioner's § 2254 petition is **AFFIRMED**.[2]

---

[2] Petitioner also filed a request with our Court for leave to file a second or successive § 2254 petition, but we denied that request because Petitioner failed to meet the requirements under 28 U.S.C. § 2244(b)(2). *See In re Wilson*, case no. 17-12149, manuscript op. at 2–3 (11th Cir. June 27, 2017) (denying Petitioner's application for leave to file a second or successive habeas petition based on his 2001 and 2003 state convictions for theft by deception).