[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12107
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00249-WTH-CAS

VERNON JAMES EWELL,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 13, 2017)

Before HULL, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Vernon Ewell appeals the district court's dismissal of his habeas corpus petition, brought under 28 U.S.C. § 2254, for lack of subject matter jurisdiction as a second or successive collateral attack impermissibly filed without authority from this Court.  After review, we affirm.

## I.  BACKGROUND

On June 30, 2016, Ewell pro se filed this current petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his four 2005 Florida felony convictions.  In Florida state court, Ewell was convicted of the felony crimes of felony petit theft, grand theft, dealing in stolen property, and pawnbroker transaction fraud.  Ewell's convictions resulted in a sentence of 52.3 months' imprisonment.[1]

In his current § 2254 petition, Ewell argues that newly discovered evidence shows that the prosecuting attorney for his 2005 Florida convictions was ineligible to practice law at that time because his license was under administrative suspension.[2]  Ewell contends that the prosecuting attorney withheld this

---

[1]For the first time on appeal, the State argues that Ewell is not entitled to relief under § 2254 because Ewell is not "in custody" for his 2005 convictions, as his 52.3 month sentence expired well before he filed his current § 2254 petition.  Since we hold that the district court lacked subject matter jurisdiction over Ewell's petition because Ewell failed to obtain authorization from this Court to file this second and successive petition, we do not address this "custody" argument.

[2]In his brief on appeal, Ewell has included an undated letter from a Florida public defender indicating that the prosecutor was suspended for failing to comply with the Florida Bar's continuing legal education requirements.  The letter does not specify when the prosecutor was suspended.  Ewell's brief also includes a September 2015 letter from the Florida Bar.  The

information from him and deceived the state trial court, violating Ewell's due process rights. Ewell also alleges that he was the victim of racial discrimination during his prosecution. In addition, Ewell advances a claim for ineffective assistance of counsel, based on his trial attorney's failure to (1) uncover the prosecuting attorney's suspended law license and (2) investigate Ewell's poor mental health as a potential defense.

## A. First § 2254 Petition Filed in 2007

Ewell has challenged these 2005 convictions once before. On May 30, 2007, Ewell filed a § 2254 petition in the Northern District of Florida, alleging, among other grounds, that the state court lacked jurisdiction to prosecute him, that his 2005 convictions violated due process, that the state court failed to suppress inadmissible evidence, and that his guilty plea was coerced. A magistrate judge recommended that the district court dismiss Ewell's § 2254 petition as untimely and for failing to exhaust the remedies available to him in state court. On September 16, 2009, the district court adopted the magistrate judge's recommendation and dismissed Ewell's 2007 § 2254 petition with prejudice.

---

letter notes that the prosecutor was ineligible to practice law from August 31, 2010 until February 11, 2011 because of his delinquency in fulfilling his continuing legal education requirements. Ewell has not attached any documentation showing that the prosecutor was ineligible to practice law in 2005.

**B. State of Florida's Motion to Dismiss**

Based on the 2007 dismissal, the State of Florida filed a motion to dismiss Ewell's current § 2254 petition. The State argued that the district court lacked jurisdiction because Ewell's petition was an unauthorized second or successive habeas petition under 28 U.S.C. § 2244(b). A magistrate judge agreed and recommended that Ewell's current petition be dismissed. On March 27, 2017, the district court adopted the magistrate judge's recommendation and dismissed this current § 2254 petition for lack of jurisdiction.

On April 25, 2017, Ewell filed a timely notice of appeal.[3]

## II. DISCUSSION

A state prisoner who has previously filed a § 2254 petition in federal court must obtain authorization from the court of appeals before filing a "second or successive" collateral attack on the same conviction. 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a successive § 2254 petition and must dismiss the claims presented therein. Tompkins v. Sec'y, Dep't of Corrs., 557 F.3d 1257, 1259 (11th Cir. 2009). A § 2254 petition is "second or successive" if the first § 2254 petition was denied and dismissed with prejudice. See Guenther v. Holt, 173 F.3d 1328, 1329 (11th Cir. 1999) ("The

---

[3]We review de novo whether a petition for a writ of habeas corpus is successive, such that a district court lacks jurisdiction to consider it without prior authorization from this Court. Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

4

applications were denied and dismissed with prejudice.  Therefore, the presence of these prior applications made any subsequent petitions 'second or successive.'").

The dismissal of Ewell's initial § 2254 petition with prejudice in 2007 required him to seek authorization from this Court prior to filing this second and successive petition.  Because Ewell failed to obtain such authorization, the district court lacked subject matter jurisdiction and correctly dismissed Ewell's current § 2254 petition as an unauthorized second or successive petition.

**AFFIRMED.**