[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10583
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-04911-TWT

JAMON DEMETRIUS JACKSON,

Petitioner - Appellant,

versus

DON BLAKELY, WARDEN,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 26, 2019)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jamon Jackson, a Georgia inmate proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as an unauthorized second or successive § 2254 petition. After careful review, we affirm.

In 2016, Jackson filed his first § 2254 petition to challenge his 2008 Georgia convictions and sentences. The district court denied his petition as untimely, and this Court declined to issue a certificate of appealability. In 2017, Jackson filed the present § 2254 petition in the district court, again challenging his 2008 convictions and sentences. The district court referred the petition to a magistrate judge, who issued a report concluding that Jackson's current petition challenged the same 2008 convictions as his 2016 petition and was therefore successive. The magistrate judge recommended that Jackson's petition be dismissed for lack of jurisdiction because he had not first obtained from this Court, under 28 U.S.C. § 2244(b)(3), authorization to file it.

Jackson objected to the magistrate judge's report and recommendation. He argued that his petition was not successive because the district court had misapplied the statute of limitations in the prior action and, even if his petition was successive, his actual innocence and violations of his constitutional rights permitted a successive petition. After considering Jackson's objections, the district

court adopted the magistrate judge's report and recommendation and dismissed the petition.  Jackson appealed the district court's order.

We review *de novo* a district court's determination that a habeas petition is second or successive.  *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011).  Although "we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that, before an inmate in custody due to a state court judgment can file a "second or successive" federal habeas petition under § 2254, the inmate must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  In general, a "district judge lacks jurisdiction to decide a second or successive petition filed without our authorization."  *Insignares v. Sec'y, Fla. Dept. of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014).

We recognize that the phrase "second or successive" is "not self-defining" and does not "refer to all habeas applications filed second or successively in time." *Stewart*, 646 F.3d at 859.  To determine whether an inmate's petition is second or successive, we look to whether the petitioner filed a federal habeas petition challenging the same judgment.  *Insignares*, 755 F.3d at 1279.  If so, then a second

3

petition is successive if the first was denied or dismissed with prejudice. *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999). A dismissal for untimeliness is a dismissal with prejudice. *See Jordan v. Sec'y, Dept. of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007).

Here, the district court determined that Jackson's present petition was barred as second or successive. On appeal, Jackson's brief only addresses why he is entitled to habeas relief, not whether the district court erred in dismissing his unauthorized, successive petition for lack of subject matter jurisdiction. Jackson thus has abandoned any such argument. *See Timson*, 518 F.3d at 874.

Even construing Jackson's *pro se* brief as a challenge to the district court's dismissal of Jackson's present petition for lack of jurisdiction, we conclude that the district court did not err in dismissing the petition. The petition was impermissibly successive because it challenged the same state convictions and sentences as his first § 2254 petition, which was dismissed as untimely. Because Jackson failed to obtain leave from this Court to file his current petition, the district court properly dismissed it for lack of subject matter jurisdiction. *See Insignares*, 755 F.3d at 1279. Accordingly, we cannot review the substantive and constitutional challenges that Jackson raises in his present petition.[1]

---

[1] Jackson has filed several motions in this Court including: a "Motion for Three-Judge Court Panel," a "Motion for Release Pending Appeal," a "Motion for Implied Acquittal Judgment," a "Special Demurrer and Motion to Dismiss the Indictment," a "Motion to Stay and

**AFFIRMED.**

---

Vacate Void Sentence," and a "Motion to compel."  These motions lack merit and therefore are DENIED.