[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15126
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cv-00145-MHH-JHE

BOBBY GENE MILES,

Petitioner - Appellant,

versus

WARDEN STRICKLAND,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 29, 2019)

Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Bobby Miles, an Alabama inmate proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as an unauthorized second or successive § 2254 petition. After careful review, we affirm.

In 1998, Miles filed his first § 2254 petition to challenge his Alabama burglary conviction, which resulted in a 30-year sentence. The district court denied his petition on the merits,[1] and this Court affirmed. *See Miles v. Mitchem*, 251 F.3d 162 (11th Cir. 2001) (unpublished table opinion). Miles filed a second § 2254 petition in 2016 challenging his 30-year sentence stemming from the burglary conviction, and the district court dismissed it as an impermissible second or successive petition. He also sought leave twice with this Court to file a second or successive § 2254 petition; both requests for authorization were denied.

In 2018, Miles filed the present § 2254 petition in the district court, again challenging the sentence he received for his Alabama burglary conviction. In his petition, Miles conceded that he had filed two previous § 2254 petitions challenging the same sentence. The district court referred the petition to a magistrate judge, who issued a report concluding that Miles's current petition was successive. The magistrate judge recommended that Miles's petition be dismissed

---

[1] Although the district court entered a dismissal rather than a denial of Miles's petition, the petition was disposed of on the merits, so we consider it to have been denied.

for lack of jurisdiction because he had not first obtained from this Court, under 28 U.S.C. § 2244(b)(3), authorization to file it.

Miles objected to the magistrate judge's report and recommendation. He argued that his petition was not successive because his 2016 petition challenged only his sentence and was not considered on the merits. He argued that he was wrongly treated by the sentencing court as a habitual felony offender (thus resulting in his 30-year sentence). He further argued that he was illegally imprisoned and that the federal courts were unlawfully and unconstitutionally barring him access to the court system by refusing to consider the merits of his petition. After considering Miles's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the petition. Miles appealed the district court's order.

We review *de novo* a district court's determination that a habeas petition is second or successive. *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011). Although "we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted).

3

The Antiterrorism and Effective Death Penalty Act of 1996 provides that, before an inmate in custody due to a state court judgment can file a "second or successive" federal habeas petition under § 2254, the inmate must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In general, a "district judge lacks jurisdiction to decide a second or successive petition filed without our authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014).

We recognize that the phrase "second or successive" is "not self-defining" and does not "refer to all habeas applications filed second or successively in time." *Stewart*, 646 F.3d at 859. To determine whether an inmate's petition is second or successive, we look to whether the petitioner filed a federal habeas petition challenging the same judgment. *Insignares*, 755 F.3d at 1279. If so, then a second petition is successive if the first was denied or dismissed with prejudice. *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999).

Here, the district court determined that Miles's present petition was barred as second or successive. On appeal, Miles's brief only addresses why he is entitled to habeas relief, not whether the district court erred in dismissing his unauthorized, successive petition for lack of subject matter jurisdiction. Miles thus has abandoned any such argument. *See Timson*, 518 F.3d at 874.

4

Even construing Miles's *pro se* brief as a challenge to the district court's dismissal of Miles present petition for lack of jurisdiction, we conclude that the district court did not err in dismissing the petition.  The petition was impermissibly successive because it challenged the same state judgment as his first § 2254 petition, which was denied on the merits.  Because Miles failed to obtain leave from this Court to file his current petition, the district court properly dismissed it for lack of subject matter jurisdiction.  *See Insignares*, 755 F.3d at 1278.  Accordingly, we cannot review the substantive challenges that Miles raised in his present petition.

**AFFIRMED.**