[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10893
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cv-00037-SPC-CM

GLENN LEE SELDEN,

Petitioner - Appellant,

versus

ELIZABETH M. WARREN,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 3, 2020)

Before JILL PRYOR, BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Glen Selden, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his construed 28 U.S.C. § 2254 petition for a writ of habeas corpus as an unauthorized second or successive § 2254 petition and denial of his post-judgment motion for release. After careful review, we affirm.

Selden filed a § 2254 petition in 2010 in which he challenged his convictions for armed burglary and grand theft and resulting sentence. The district court denied the petition as untimely and, alternatively, as meritless. Selden then filed several additional pleadings construed as § 2254 petitions, including the instant filing, which the district court construed as a *pro se* § 2254 petition. Construed liberally, the petition alleged that Selden was entitled to release from prison. The district court dismissed this petition for lack of jurisdiction because it was successive and he had not first obtained authorization from this Court under 28 U.S.C. § 2244(b)(3) to file it.[1] After the district court entered its judgment, Selden filed a "Demand of Immediate Release Pending Appeal," which the district court construed as a motion for release and denied, concluding that the motion presented no grounds for Selden's release. Selden has appealed.

---

[1] The court dismissed the petition without prejudice to permit Selden to seek authorization from this Court to file a second or successive § 2254 petition. Selden has not done so.

2

We review *de novo* a district court's determination that a habeas petition is second or successive.  *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011).  We review the denial of a post-judgment motion for an abuse of discretion. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002).  Although "we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that, before an inmate in custody due to a state court judgment can file a "second or successive" federal habeas petition under § 2254, the inmate must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  In general, a "district judge lacks jurisdiction to decide a second or successive petition filed without our authorization."  *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014).

We recognize that the phrase "second or successive" is "not self-defining" and does not "refer to all habeas applications filed second or successively in time." *Stewart*, 646 F.3d at 859.  To determine whether an inmate's petition is second or successive, we look to whether the petitioner filed a federal habeas petition challenging the same judgment.  *Insignares*, 755 F.3d at 1279.  If so, then a second

petition is successive if the first was denied or dismissed with prejudice. *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999). A dismissal for untimeliness is a dismissal with prejudice. *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007).

Here, the district court determined that Selden's present petition was barred as second or successive. On appeal, Selden's brief only addresses why he is entitled to habeas relief, not whether the district court erred in dismissing his unauthorized, successive petition for lack of subject matter jurisdiction. Selden thus has abandoned any such argument. *See Timson*, 518 F.3d at 874.

Even construing Selden's *pro se* brief as a challenge to the district court's dismissal of Selden's present petition for lack of jurisdiction, we conclude that the district court did not err in dismissing the petition. The petition was impermissibly successive because it challenged the same state sentence as his first § 2254 petition, which was dismissed as untimely. Because Selden failed to obtain leave from this Court to file his current petition, the district court properly dismissed it for lack of subject matter jurisdiction. *See Insignares*, 755 F.3d at 1278. We therefore cannot review the substantive challenges that Selden has raised in his present petition. Finally, because the district court correctly determined that it had no authority to address Selden's petition, the court was within its discretion to deny Selden's motion for release. We therefore affirm both of the district court's orders.

**AFFIRMED.**