[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12365

_____

D.C. Docket No. 1:16-cr-00224-RDP-HGD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID ANDREW HUNT,

Defendant - Appellant.

_____

No. 17-12366

_____

D.C. Docket No.  2:16-cr-00095-RDP-JHE-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUSION YOSHUA RICE,

Defendant - Appellant.

_____

No. 17-12919

_____

D.C. Docket No.  7:16-cr-00408-LSC-HNJ-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENDRICK DEMOND HALL,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(October 30, 2019)

Before JORDAN, GRANT, and SILER,* Circuit Judges.

PER CURIAM:

We vacate our prior opinion in this case, *see United States v. Hunt*, 2019 WL

3814437 (11th Cir. Aug. 14, 2019), and issue the following revised opinion.

---

* The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

The defendants in these consolidated appeals—David Hunt, Lusion Rice, and Dendrick Hall—appeal their sentences under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and a provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.2(a). Following oral argument, we affirm.

**I**

Mr. Hunt and Mr. Rice challenge the district courts' rulings that their Alabama second-degree and third-degree robbery convictions qualify as predicate felonies under the ACCA, and argue that Alabama robbery is not a "violent felony" under the ACCA's elements clause. *See* § 924(e)(2)(B)(i). Specifically, they contend that the use-of-force element in Alabama's robbery statute merely requires the offender to use enough force (or threat of force) to overcome the victim's resistance, and that such force does not amount to violent force within the meaning of the ACCA. *See* Ala. Code § 13A8-43(a).

The ACCA requires a minimum fifteen-year sentence for any person convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. 924(e)(1). *See In re Welch*, 884 F.3d 1319, 1320 (11th Cir. 2018). Under the ACCA, the term "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element of use,

3

attempted use, or threatened use of physical force against the person of another" (the "elements clause"), (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated offenses clause"), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *See* 18 U.S.C. § 924(e)(2)(B).

Although the Supreme Court held the residual clause unconstitutional in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015), convictions that satisfy the elements clause and the enumerated offenses clause are still valid. *See In re Hires*, 825 F.3d 1297, 1299 (11th Cir. 2016). Here, the district court concluded that the prior Alabama robbery convictions of Mr. Hunt and Mr. Rice qualified as predicate felonies under the elements clause of the ACCA.

Under Alabama's robbery statute, a person commits robbery in the third-degree where, in the course of committing a theft, he:

> (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
> (2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

Ala. Code § 13A-8-43. Second-degree robbery requires the same elements as third-degree robbery, plus aid by another person actually present. *See* Ala. Code § 13A-8-42. First-degree robbery has the same elements as third-degree robbery, but the

4

person committing the robbery must also (1) be armed with a deadly weapon or dangerous instrument, or (2) cause serious physical injury to another. *See* Ala. Code § 13A-8-41.

As Mr. Hunt acknowledges in his brief, *see* Brief for Mr. Hunt at 12, the use-of-force element is the same for first-degree, second-degree, and third-degree robbery. So, if first-degree robbery satisfies the elements clause of the ACCA, both second-degree and third-degree robbery would also satisfy the elements clause because they all share the element of force intended to overcome the physical resistance of another.

After the defendants filed their briefs, we addressed the use-of-force element for Alabama robbery. We ruled in *In re Welch*, 884 F.3d at 1324, that first-degree robbery in Alabama is a violent felony under § 924(e)(2)(B)(i), the elements clause of the ACCA. We reasoned that because Alabama robbery has an element that requires force with the intent to overcome the physical resistance of another, it qualifies as a predicate under the elements clause. *See id. See also Stokeling v. United States*, 139 S. Ct. 544, 555 (2019) (holding that "the elements clause encompasses robbery offenses that require the criminal to overcome the victim's resistance"). Mr. Hunt and Mr. Rice correctly note that *Welch* was decided in the context of a second and successive application, but it nevertheless constitutes

5

binding precedent. *See United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018).

Based on *Welch* and *Stokeling*, we affirm the district courts' rulings that Alabama second-degree and third-degree robbery are ACCA predicate offenses. Alabama's statutory scheme utilizes the same use-of-force element for all three degrees of robbery, and our decision in *Welch* holds that force sufficient to overcome the victim's resistance is enough to make an offense a violent felony under the ACCA. *Welch* therefore governs. *See Welch*, 884 F.3d at 1324 (citing the use-of-force element for third-degree robbery, Ala. Code § 13A-8-43).

## II

Mr. Hall and Mr. Rice also challenge the district courts' rulings that Mr. Hall's first-degree Alabama robbery conviction and Mr. Rice's second-degree and third-degree Alabama robbery convictions are not "crime[s] of violence" under the career offender guideline, U.S.S.G. § 4B1.2(a). We are not persuaded.
The career offender guideline has the same elements clause as the ACCA. *See United States v. Fritts*, 841 F.3d 937, 940 (11th Cir. 2016) (citing *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011)). Therefore, our ruling in *Welch* regarding § 924(e)'s elements clause forecloses Mr. Rice's and Mr. Hall's challenges to the career offender enhancement.

## III

Mr. Rice argues that his Michigan carjacking conviction is not a violent felony under ACCA.  We disagree.

Michigan's carjacking statute requires the taking of a vehicle from another "by force or violence, or by threat of force or violence, or by putting the other person in fear."  *See* Mich. Comp. Laws § 750.529a.  Mr. Rice contends that Michigan carjacking is not a violent felony because Michigan caselaw allows the state to show that the defendant "put[ ] the other person in fear" without the use or threat of physical force.

As far as we can tell, the Michigan courts have not addressed what is required to put another person in fear under § 750.529a.  In the one Michigan carjacking case cited by Mr. Rice, the evidence showed that the defendant aggressively slid toward the driver of the car and tried to push him out.  *See People v. Terry*, 569 N.W.2d 641, 644–45 (Mich. App. 1997).  That case therefore does not support Mr. Rice's contention that "putting in fear" under § 750.529a can be accomplished without physical force or the threatened use of such force.

Of note, Michigan law defines robbery nearly identically to how it defines carjacking, requiring that the defendant "use[ ] force or violence against any person who is present, or who assaults or puts the person in fear" in the course of committing larceny of a motor vehicle.  *See* Mich. Comp. Laws § 750.530.  At least three of our

7

sister circuits have ruled that the "in fear" element contained in the Michigan robbery statute—which is very similar to that contained in Michigan's carjacking statute—encompasses the use or threatened use of physical force. *See Chaney v. United States*, 917 F.3d 895, 900 (6th Cir. 2019) (Michigan attempted unarmed robbery); *United States v. Tirrell*, 120 F.3d 670, 680–81 (7th Cir. 1997) (Michigan unarmed robbery); *United States v. Lamb*, 638 F. App'x 575, 576–77 (8th Cir.) (Michigan unarmed robbery), *vacated on other grounds*, 137 S. Ct. 494 (2016). The district court in Mr. Rice's case relied on the Sixth Circuit's decision in *Chaney*, and we conclude that it was right to do so in the absence of any Michigan cases holding that "putting in fear" can be accomplished without force or threatened use of force. *See United States v. Rice*, No. 2:16-cr-00095, 2017 WL 1247402,*6–7 (N.D. Ala. 2017) (citing *Chaney*, 917 F.3d at 900).

## IV

Mr. Hall argues that his 60-month sentence for violating 18 U.S.C. § 922(g), the felon-in-possession statute, was substantively unreasonable because it was greater than is necessary to serve the statutory sentencing factors in 18 U.S.C. § 3553(a). Based on an offense level of 17 and a criminal history category of III, Mr. Hall's advisory guideline range was 30–37 months' imprisonment, and pursuant to the plea agreement the government recommended a sentence at the low end of the guideline range. At sentencing, however, the district court sentenced Mr. Hall to 60

8

months' imprisonment, above the guideline range and below the 10-year statutory maximum penalty.  *See* 18 U.S.C. § 924(a)(2).

At the sentencing hearing, the district court explicitly noted that its role in sentencing under § 3553(a) was to impose a sentence that was "sufficient but not more than necessary to accomplish the sentencing goals set forth in the federal statutes."  *See* Sentencing Transcript, D.E. 27 at 11.  The court concluded that an upward variance to a 60-month sentence was warranted in light of Mr. Hall's criminal past and history of using firearms during illegal activity.  *See id.* at 12.  The court noted that Mr. Hall had been previously charged with robbery three times, had been convicted of first-degree robbery once, and his first-degree robbery conviction involved the use of a firearm.  *See id.* at 11–12.  Weighing these facts, the court said:

> When I see a robbery in the first degree charge and then somebody having a gun again, it's clear to me that they believe they are untouchable in the system and they can do anything they want to do. And that['s] just simply not the case. Do I need to give you a maximum? No. I don't. But I don't believe a guideline sentence is appropriate in this case. I believe the more appropriate sentence to give you in this instance would be 60 months in prison when I consider the nature and circumstances in your continuing conduct with firearms and violating the law.

*Id.* at 12.

On appeal, Mr. Hall argues that the district court improperly focused on his prior robbery conviction involving a firearm to the exclusion of the other § 3553(a) factors. He also contends that considering his prior conviction in weighing the §

9

3553(a) factors was duplicative because that conviction was already accounted for in his offense level and criminal history category.

The district court did not abuse its discretion in varying upward from the advisory sentencing guidelines range and imposing a 60-month sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Merely because the court imposed a sentence above the guideline range does not mean the sentence is substantively unreasonable. *See id.* at 47 & n.3. We have said that if the sentence imposed is below the statutory maximum, like Mr. Hall's sentence here, that is a factor indicating that the sentence is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). And "[w]e will not remand for resentencing unless we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

The weight given to any specific § 3553(a) factor is generally committed to the sound discretion of the district court. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Here, the district court articulated why it varied from the guidelines and imposed a 60-month sentence. *See* D.E. 27 at 12. Its explanation "set forth enough to satisfy [us] that it considered the parties' arguments and had a

reasoned basis for exercising its own legal decision making authority." *See Rita v. United States*, 551 U.S. 338, 356 (2007). Moreover, the court did not engage in "[i]mpermissible double counting" when it weighed Mr. Hall's prior robbery conviction and illegal use of firearms. The court viewed Mr. Hall's prior conduct under other § 3553(a) factors, specifically the need to afford adequate deterrence and protect the public from further crimes, and that was permissible. *See United States v. Cubero*, 754 F.3d 888, 894 (11th Cir. 2014).

## V

For the foregoing reasons, the defendants' sentences are affirmed.

**AFFIRMED.**