[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13986
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00076-TJC-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACETA ANYA STREETER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 28, 2020)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Jaceta Streeter pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  On appeal, she challenges her 100-month sentence for wire fraud, arguing that the district court abused its discretion and that her sentence was substantively unreasonable.  Having reviewed the record and briefs, we affirm.

## DISCUSSION

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  We measure substantive reasonableness by considering the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in 18 U.S.C. § 3553(a).  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

District courts must issue a sentence "sufficient, but not greater than necessary," to comply with the § 3553(a) factors, which includes the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the

defendant's future criminal conduct.  18 U.S.C. § 3553(a).  In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission.  *Id*. § 3553(a)(1), (3)-(5).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  And we will not second guess the weight that the district court gave to any relevant factor so long as the sentence is reasonable in light of all the circumstances.  *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010).  Furthermore, the imposition of a sentence above the guideline range does not mean that the sentence is inherently unreasonable.  *United States v. Hunt*, 941 F.3d 1259, 1264 (11th Cir. 2019) (per curiam).  In fact, a sentence imposed below the statutory maximum penalty is an indicator of reasonableness.  *Id.*

Streeter contends that the guideline range for her wire fraud conviction sufficiently accounted for the circumstances of her offense and that there was "no compelling reason" for the court to sentence her above that range.  We disagree. The record is replete with evidence that the district court took all relevant factors into consideration in its sentencing determination.  In weighing those factors, the district court believed that the relevant guideline range (24 to 30 months) was

"inadequate to the task" because it placed too much emphasis on the relatively small monetary loss and not enough emphasis on Streeter's recidivism—especially given that she is a "repetitive offender [of] the same type of [fraudulent] conduct."

Though the district recognized several mitigating factors, it said those factors could not "override the other more weighty matters of protecting the public, providing just punishment, and considering the nature and circumstances of the offense, and the continued repetitive criminal conduct." The district court further noted that Streeter's repeated criminal conduct was both "remarkable" and difficult to understand. Because it believed that the only way to appropriately protect the public from her continuous fraudulent activity was to incarcerate her for a longer period of time, the district court chose an above-Guidelines sentence.

The district court did not abuse its discretion. It sufficiently considered the necessary factors and gave a sufficiently compelling explanation for its decision to sentence above the guideline range. We refuse to second-guess the weight the district court accorded particular factors since the sentence here was reasonable given the totality of the circumstances. *Snipes*, 611 F.3d at 872. And the 100-month sentence is well below the 240-month maximum sentence for wire fraud in violation of 18 U.S.C. § 1343—an indicator of the reasonableness of this sentence. *Hunt*, 941 F.3d at 1264.

Streeter's sentence is therefore **AFFIRMED.**

4