[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10422
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cr-00229-TFM-MU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ALLEN DALE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 9, 2020)

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

John Dale appeals the substantive reasonableness of his eighty-four month sentence for possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. section 922(g)(1).  We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2016, Dale was convicted of murder in Alabama state court.  Dale had fatally shot someone while the victim was inside a vehicle.  On November 24, 2018, he was released on probation.  Seven months later, while Dale was still on probation, police received a report from a driver that a man in a green car had pulled a gun on him and was now following him.  A responding police officer pulled the green car over and ordered its driver, Dale, out of the car.  During a security pat down, the officer discovered a revolver in Dale's waistband.  The government charged him with one count of being a felon in possession of a firearm.  Dale pleaded guilty.

At Dale's sentencing hearing, the district court calculated a total offense level of seventeen with a criminal history category of III to give a guideline range of thirty to thirty-seven months.  The district court found the guideline range inappropriate and varied upward to sentence Dale to eighty-four months' imprisonment.  The court found that Dale had previously fatally shot a person in a car (a possible capital offense), which led to his murder conviction.  See Ala. Code § 13A-5-40(a)(17) (2013).  The circumstances of Dale's possession of the firearm, according to the district court, repeated the same behavior.  Dale concealed a pistol on his person, as

2

opposed to possessing a long gun for hunting, which indicated he felt he could be in a situation where he could kill a person. The court also found that the passenger in Dale's car had pulled a gun on the person in the car they were following, which placed Dale in similar circumstances to his prior offense. Further, Dale showed a lack of respect for the law by possessing a firearm shortly after leaving custody, especially because he knew he could not lawfully have one.

Given Dale's history, the district court thought society needed to be more concerned about him than other people. Dale's possession of a firearm was different than that of another person convicted of a felony because he had put a firearm to its ultimate use. And the district court found that Dale's recent term in custody had not deterred him because he possessed a firearm shortly after his release. The court summarized that the sentence addressed the seriousness of the offense and the objectives of punishment, deterrence, and incapacitation.

## STANDARD OF REVIEW

We review for an abuse of discretion the substantive reasonableness of a sentence. United States v. Irey, 612 F.3d 1160, 1165 (11th Cir. 2010) (en banc). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." Id. at 1189.

3

## DISCUSSION

Dale argues that his sentence is substantively unreasonable because the district court placed too much weight on his prior murder conviction and neglected to consider mitigating factors. The district court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. section 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. Id. § 3553(a)(2). The weight due each section 3553(a) factor lies within the district court's sound discretion. United States v. Kuhlman, 711 F.3d 1321, 1327 (11th Cir. 2013). The party challenging the sentence bears the burden of showing it to be unreasonable in light of the record and the section 3553(a) factors. United States v. Langston, 590 F.3d 1226, 1236 (11th Cir. 2009).

Here, the district court did not abuse its discretion. Contrary to Dale's assertion, the district court considered other factors besides his prior murder conviction. For the nature and circumstances of the offense, the court found that Dale concealed a pistol, indicating he was in a position where he could kill someone. See 18 U.S.C. § 3553(a)(1). Dale's possession of a firearm mere months after he was released from custody and while on probation and with the knowledge that he could not have a gun demonstrated his lack of respect for the law. See id.

4

§ 3553(a)(2)(A). And the district court saw a need for additional deterrence given that Dale had re-offended so soon. See id. § 3553(a)(2)(B).

Moreover, the district court's heavy reliance on Dale's murder conviction was not improper. "[T]he sentencing court is permitted to attach great weight to one factor over others." United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015) (internal quotation marks omitted); see also United States v. Sanchez, 586 F.3d 918, 936 (11th Cir. 2009) ("[T]he district court did not abuse its discretion when it determined that [the defendant's] criminal history was sufficiently compelling to justify . . . an upward variance above th[e] guidelines range."). Dale had a previous conviction for killing someone by shooting into a car—what could have been a capital offense. Not only is that one of the most serious offenses on the books, but it also, as the district court noted, had many similarities to Dale's felon-in-possession crime. Dale possessed a pistol in a car while following another motorist that his passenger had threatened with a gun. Dale's possession of a gun in a car chasing a motorist while on probation for killing someone in a car with a gun is both a serious offense deserving of punishment as well as a public safety risk. The district court appropriately considered that these circumstances and Dale's history demonstrated a strong need for punishment, deterrence, and incapacitation. See 18 U.S.C. § 3553(a)(2).

5

Dale argues that the district court erred in imposing an upward variance when his criminal history category already accounted for his murder conviction, but we have rejected this argument before. See, e.g., United States v. Moran, 778 F.3d 942, 983 (11th Cir. 2015). A district court does not abuse its discretion by imposing an upward variance for a previous offense when it finds similarities between the past and current offenses because that is a proper consideration of the offender's history and characteristics. See United States v. Williams, 526 F.3d 1312, 1324 (11th Cir. 2008) (citing 18 U.S.C. § 3553(a)(1)). That is what the court appropriately did here.

Nothing else indicates substantive unreasonableness. While Dale argues that the district court did not consider mitigating evidence, the court listened to Dale's counsel's arguments concerning Dale's young age, his acceptance of responsibility, and the circumstances of his offense. The district court accepted Dale's argument that he did not point the gun during the offense. It also reviewed Dale's presentence investigation report and adopted its factual findings and heard his allocution. See United States v. Cabezas-Montano, 949 F.3d 567, 612 (11th Cir. 2020) (holding that the district court did not fail to weigh the defendants' individual histories and circumstances when it "explicitly considered the defendants' [presentence investigation reports] and downward-variance arguments, and it also heard their allocutions"). Additionally, Dale's sentence was well within the 120-month statutory maximum, see 18 U.S.C. § 924(a)(2), which "points strongly to

6

reasonableness," United States v. Nagel, 835 F.3d 1371, 1377 (11th Cir. 2016).  And we have upheld similar variances based on a defendant's previous offenses.  See United States v. Overstreet, 713 F.3d 627, 638 (11th Cir. 2013) (affirming 420-month sentence varied upward from a guideline range of 180 to 188 months for a felon-in-possession offense in part because the court found the defendant had previously murdered his wife and that "not only cast[] a very negative light on [the defendant's] character, but also demonstrate[d] the need for a lengthy sentence to protect the public from the defendant"); United States v. Hunt, 941 F.3d 1259, 1263–64 (11th Cir. 2019) (affirming 60-month sentence varied upward from a guideline range of 30 to 37 months for a felon-in-possession offense because of the defendant's "history of using firearms during illegal activity" and the need to promote deterrence and protect the public).

**AFFIRMED.**