[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13035
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00597-LSC-JHE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERIBERTO BRITO-PADILLA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 2, 2021)

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Heriberto Brito-Padilla appeals his 78-month sentence for illegal reentry into the United States after deportation following the commission of an aggravated felony.  The Sentencing Guidelines advised a sentence range of 12 to 18 months' imprisonment, but after weighing the sentencing factors in 18 U.S.C. § 3553(a), the district court imposed an upward variance of 60 months.  Mr. Brito-Padilla argues his sentence is substantively unreasonable[1] because the district court abused its discretion in weighing the § 3553(a) factors by placing too much weight on his past drug-trafficking conviction and a pending drug-trafficking charge, not placing enough weight on his personal history and characteristics, and creating an unwarranted disparity in sentences with similarly situated defendants.  After thorough review and for the reasons explained below, we affirm.

I.

In October 2019, Mr. Brito-Padilla was arrested by local law enforcement in Alabama for, and was subsequently charged with, drug trafficking related to his possession of 56 grams of methamphetamine.  He admitted to law enforcement that he was not legally present in the United States after having been deported in 2003. He subsequently pleaded guilty in federal court to one count of illegally reentering the United States after having been deported subsequent to a conviction for an

---

[1]    Mr. Brito-Padilla does not argue that his sentence is procedurally unreasonable.

aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(1), and (b)(2), the offense from which this appeal arises.

For this illegal-reentry offense, the Sentencing Guidelines advised a range of 12 to 18 months' imprisonment. The offense established a base offense level of eight. From there, Mr. Brito-Padilla received an eight-point enhancement because he had a prior felony conviction with a sentence of more than two years; before his deportation in 2003, he had been convicted in 2001 in North Carolina for one count of trafficking in marijuana and one count of trafficking in cocaine. He received a three-point reduction for acceptance of responsibility. This all established a total offense level of 13. His criminal history category was I; his prior 2001 drug convictions did not increase the category because they were too old to be assigned criminal history points. The criminal history category of I and the total offense level of 13 resulted in the 12-to-18-month Guidelines range for the instant illegal reentry offense to which Mr. Brito-Padilla plead guilty.

At sentencing, Mr. Brito-Padilla did not object to the pre-sentencing report[2] and requested a sentence of 12 months and one day's imprisonment based in part on his personal circumstances, including his intent to enter the United States to find a better life, his wife's recent illness, and the need to support his family in

---

[2]    Mr. Brito-Padilla had objected to a prior version of the pre-sentencing report but indicated at the sentencing hearing that all objections had been resolved.

Mexico.  He also emphasized that his prior drug trafficking convictions had already been counted by the Sentencing Guidelines, and he asked the United States government for forgiveness.

The government asked for a sentence of at least 16 months' imprisonment, noting that Mr. Brito-Padilla had been found in possession of 56 grams of methamphetamine during the most recent arrest and had the prior drug convictions.

The district court imposed a sentence of 78 months' imprisonment and 3 years' supervised release with no fines and a special assessment of $100.  The court explained that, despite his expression of an intent to better his life, Mr. Brito-Padilla's apparent intent for entering the United States was to cause destruction by dealing drugs.  The court expressed its intent to impose a sentence beyond the Guidelines range because of Mr. Brito-Padilla's prior drug convictions and his pending drug charge.  That is, although Mr. Brito-Padilla's prior drug trafficking convictions did not raise his criminal history in the Sentencing Guidelines calculation, the court explained that the convictions and sentence for the prior offenses of trafficking in marijuana and cocaine, as well as the most recent drug trafficking arrest and pending charge, indicated that Mr. Brito-Padilla had not been deterred from such conduct after serving the prior sentence.  As for Mr. Brito-Padilla's pending charge—i.e., the state methamphetamine trafficking charge, the arrest for which gave rise to the illegal reentry conviction and instant sentencing—

the court emphasized that the charge related to possession of 56 grams of methamphetamine, a large amount of the drug. Considering this large amount, the district court expressed that it would be "ridiculous" to impose a sentence within the Guidelines range for the illegal reentry conviction, which arose from the arrest related to the possession of the methamphetamine. Finally, the district court stated that the sentence of 78 months' imprisonment would run concurrently with any related state sentence for the pending methamphetamine trafficking charge, though the district court acknowledged that it was the normal course for the state charges to be dismissed in similar cases.

The district court entered judgment, and Mr. Brito-Padilla filed a timely notice of appeal of his sentence.

II.

When reviewing for substantive reasonableness of a sentence, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting United States v. Campa, 459 F.3d

5

1121, 1174 (11th Cir. 2006) (en banc)).  The proper factors for consideration include the nature and circumstances of the offense, the criminal history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, adequate deterrence, the protection of the public, and the need to avoid unwarranted sentence disparities among similarly situated defendants.  18 U.S.C. § 3553(a).  The district court need not give all factors equal weight and has discretion to attach great weight to one factor over another.  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).  "Indeed, '[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.'"  United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007)).  Along with the § 3553(a) factors, the district court should consider the particular facts of the case and the Guidelines range.  Rosales-Bruno, 789 F.3d at 1259–60.  The party challenging a sentence has the burden of showing the sentence is unreasonable in light of the § 3553(a) factors and the particular facts and circumstances of the case.  United States v. Isaac, 987 F.3d 980, 994 (11th Cir. 2021).

If a sentence is outside the Guidelines range, our Court—in reviewing the district court's sentencing decision—may not apply a presumption of unreasonableness, and we may not disturb a sentence simply because we "might

reasonably have concluded that a different sentence was appropriate." Gall, 552 U.S. at 47, 128 S. Ct. at 595. Instead, in reviewing the substantive reasonableness of a sentence imposed outside the Guidelines range, we may take the degree of variance into account and consider the extent of a deviation from the Guidelines. Gall, 552 U.S. at 47, 128 S. Ct. at 594–95. "Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one—the requirement is that the justification be 'sufficiently compelling to support the degree of the variance.'" Irey, 612 F.3d at 1196 (quoting Gall, 552 U.S. at 50, 128 S. Ct. at 597).

In particular, a district court may impose an upward variance from the range advised by the Guidelines if the court concludes that the Guidelines range was insufficient in light of the defendant's criminal history. United States v. Johnson, 803 F.3d 610, 619 (11th Cir. 2015) (upholding upward variance in part because the district court reasonably concluded the Guidelines range understated the seriousness of the defendant's recent criminal history); see United States v. Osorio-Moreno, 814 F.3d 1282, 1288 (11th Cir. 2016) ("We have upheld large upward deviations based solely on an offender's extensive criminal history."). Such an upward variance may be based on conduct that was already considered in calculating the Guidelines range—i.e., the district may properly conclude that the defendant's criminal history category fails to adequately reflect his criminal history

and thus the court may properly consider "prior criminal conduct in varying upward, even though the conduct already was factored into the advisory guidelines range." Johnson, 803 F.3d at 619. On the upper end, we have upheld upward variances matching the statutory maximum as reasonable in light of the circumstances of the case and when necessary to achieve the purposes set out in § 3553(a). See, e.g., Osorio-Moreno, 814 F.3d at 1284, 1288 (upholding upward variance from a Guidelines range of 51 to 63 months to the statutory maximum of 120 months as "necessary to achieve the goals of sentencing" in § 3553(a)); United States v. Shaw, 560 F.3d 1230, 1232, 1240 (11th Cir. 2009) (upholding upward variance from a Guidelines range of 30 to 37 months to the statutory maximum of 120 months "[g]iven all of the circumstances, which were adequately recited and taken into account by the district court"). And that a sentence imposed is below the statutory maximum (despite being higher than the Guidelines range) is a factor indicating that the sentence is reasonable. United States v. Hunt, 941 F.3d 1259, 1264 (11th Cir. 2019) (upholding 60-month sentence, a 23-month upward variance from the 30-to-37-month Guidelines range but below the 10-year statutory maximum); Rosales-Bruno, 789 F.3d at 1256–57 ("The sentence the district court imposed was 33 months below the statutory maximum of 120 months, which is a consideration favoring its reasonableness.").

III.

In this case, the district court reasonably imposed a 78-month sentence, a 60-month upward variance from the upper end of the Guidelines range of 12 to 18 months.  Acting within its direction, the district court sufficiently justified its sentencing decision at the sentencing hearing.  The court articulated why it believed a sentence within the Guidelines range was unreasonable and why an upward variance was necessary.  Examining the nature of the instant offense—an offense of illegal reentry following deportation after conviction of an aggravated felony and one arising from a methamphetamine-trafficking arrest—the district court expressed its concern for harm to the public from Mr. Brito-Padilla's repeated drug dealing and its concern that Mr. Brito-Padilla had not been deterred from such conduct after having previously served a drug-trafficking sentence.  The district court also reasonably determined that the instant offense involved a large about of methamphetamine, indicating a larger sentence was necessary.  These circumstances undermined Mr. Brito-Padilla's expressed intent for entry to the United States; as the district court explained, his apparent intent was instead to deal drugs and cause the destruction that results from such dealing.  The district court was presented with Mr. Brito-Padilla's personal and familial characteristics and reasonably chose to give them less weight in light of his criminal history and the

9

nature of the instant offense.  The district court's reasoning provides a sufficient basis to conclude that the sentence imposed was substantively reasonable.

In addition, Mr. Brito-Padilla's sentence of 78 months (or 6 years and 6 months) was significantly less than the statutory maximum sentence of 20 years. This is a further indication of the reasonableness of the sentence.

Mr. Brito-Padilla makes three arguments in support of his conclusion that the sentence was not substantively reasonable.  He argues that because the Guidelines had already significantly factored in Mr. Brito-Padilla's prior convictions, those convictions did not warrant such a major upward variance.  But the district court, in its broad discretion and with regard to the purposes of § 3553(a), could properly consider the prior drug trafficking convictions even though they had been considered in calculating the Guidelines range and ultimately did not count toward his criminal history category.  See Johnson, 803 F.3d at 619. And the district court could afford the prior offenses considerable weight, as it explained, given their nature and the nature of the instant conduct that led to the offense for which Mr. Brito-Padilla was being sentenced, one also related to drug trafficking.  That is, because the prior convictions and the instant offense all related to drug trafficking and because the offense for which he was being sentenced was illegal reentry post-deportation following those prior drug convictions, it was

10

reasonable for the district court to afford to the prior convictions more weight than that given by the Guidelines.

Mr. Brito-Padilla also argues that the district court gave too much weight to his pending state drug charge as opposed to the instant federal offense for which he was being sentenced, the illegal reentry offense. But the district court—again within its broad discretion and pursuant to the § 3553(a) factors—properly explained that it was giving weight to the nature and circumstances of the instant federal illegal reentry offense, which arose from the conduct underlying the state drug charge. That is, Mr. Brito-Padilla plead guilty to illegal reentry following his arrest related to possession of 56 grams of methamphetamine, and the district court was well within its discretion to consider and heavily weigh those exact circumstances.[3] Therefore, despite Mr. Brito-Padilla's emphasis on his personal characteristics and familial circumstances, we cannot conclude that the district abused its discretion in giving less weight to such factors and considering his criminal history and the nature of the instant offense more significant.

Finally, Mr. Brito-Padilla argues the upward variance in his case has the tendency to create an unwarranted disparity among similarly situated defendants. Citing no case law, he directs us to statistics from the U.S. Sentencing Commission

---

[3]    Mr. Brito-Padilla did not object to the factual basis on which the district court relied (i.e., the PSR to which there was no objection). Therefore, Mr. Brito-Padilla's suggestion that the district court misconstrued the facts relating to the pending state meth charges was not preserved.

indicating that courts varied—either upward or downward—in only 8 percent of illegal reentry cases and the average sentence imposed for immigration offenses for defendants with certain criminal history categories is much lower than what he received.  See Opening Br. at 13–14.  "A well-founded claim of disparity, however, assumes that apples are being compared to apples."  United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) (quoting United States v. Mateo-Espejo, 426 F.3d 508, 514 (1st Cir. 2005)).  Mr. Brito-Padilla fails to explain why the statistics upon which he relies represent the cases of similarly situated defendants or why any disparity created is unwarranted given the district court's reasons for the upward variance.  We have required much more detail in considering whether any unwarranted disparity is created by a particular sentence.  See, e.g., United States v. Hill, 643 F.3d 807, 885 (11th Cir. 2011) (concluding that the defendant's sentence did not create an unwarranted disparity after considering particular circumstances of the defendant's conduct and rejecting the comparison between the sentence and those convicted of similar crimes elsewhere in the nation because "we [we]re not convinced that a sentence imposed in this circuit is subject to a national grade curve"); Docampo, 573 F.3d at 1102 (concluding appellant failed to identify any similarly situated defendant to trigger § 3553(a)(6)'s concern for unwarranted sentencing disparities).  Thus, the district court did not abuse its discretion in considering any unwarranted disparity.

12

For these reasons, Mr. Brito-Padilla has failed to meet his burden of showing his above-Guidelines-range sentence was substantively unreasonable.

AFFIRMED.