[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11229

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID STEPHEN SHAW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:20-cr-00025-JA-PRL-1

_____

Before LUCK, LAGOA, and ANDERSON. Circuit Judges.

PER CURIAM:

David Shaw appeals his 72-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Shaw argues that his sentence, which is above his guideline range, was unjustified because the district court overemphasized his criminal history, which was already taken into account in determining his guideline range and contained charges that were never pursued, and overlooked his substance abuse.

We review a sentence's reasonableness for abuse of discretion, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We will vacate a sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors" as evidenced by a sentence "that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quotation marks omitted). We "do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *Id.* Nonetheless, we "take the degree of variance into account and consider the extent of a deviation from the guidelines." *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). "Although there is no

proportionality principle in sentencing, a major variance from the advisory guideline range requires a more significant justification than a minor one, and the justification must be sufficiently compelling to support the degree of the variance." *Id.* Finally, the party challenging a sentence has the burden of showing the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the deference afforded the sentencing court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The district court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with any needed correctional treatment or training. 18 U.S.C. § 3553(a)(2). It must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established by the applicable Sentencing Guidelines provision, any pertinent policy statement issued by the Sentencing Commission, the need to avoid sentencing disparities between similarly situated defendants, and the need to provide restitution to any victims in the case. *Id.* § 3553(a)(1), (3)-(7). While the district court must consider each § 3553(a) factor, it need not discuss each factor specifically and its statement that it considered the factors is sufficient. *Goldman*, 953 F.3d at 1222. The weight that each § 3553(a) factor receives is a matter within the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008); *Rosales-*

*Bruno*, 789 F.3d at 1263 ("Placing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors are related to criminal history.").

A district court may impose an upward variance if it concludes that the guideline range was insufficient in light of a defendant's criminal history. *United States v. Johnson*, 803 F.3d 610, 619 (11th Cir. 2015); *see also United States v. Osorio-Moreno*, 814 F.3d 1282, 1288 (11th Cir. 2016) (noting that we have "upheld large upward deviations based solely on an offender's extensive criminal history"). In imposing a variance, the district court may consider conduct already considered by the probation officer in calculating the guideline range. *Johnson*, 803 F.3d at 619. We also have held that a sentencing court may consider both uncharged and acquitted conduct in determining the appropriate sentence. *United States v. Smith*, 741 F.3d 1211, 1227 (11th Cir. 2013).

Here, the district court did not abuse its discretion because it considered the § 3553(a) factors and reasonably chose to place substantial weight on Shaw's lengthy criminal history and determine that an upward variance was necessary to promote respect for the law, afford adequate deterrence, and protect the public. The district court stated that it considered Shaw's arguments and did not abuse its discretion when it gave more weight to his seventeen adult convictions, many arrests, and convictions and arrests for battery, including several incidents of beating and choking women, than to the mitigation factors that included his rough upbringing and addictions.

Additionally, a sentence significantly below the statutory maximum is an indication that the sentence is reasonable. *United States v. Hunt*, 941 F.3d 1259, 1264 (11th Cir. 2019). The statutory maximum term of imprisonment for a conviction under 18 U.S.C. 922(g)(1) is ten years. 18 U.S.C. § 924(a)(2). The highest criminal history category, VI, requires 13 criminal history points. U.S.S.G. Sentencing Table, Ch. 5, Pt. A. Here, the district court imposed a sentence well below the statutory maximum, which indicates that Shaw's sentence was reasonable. Accordingly, we affirm.

**AFFIRMED.**