[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13267

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GERNALDO ALFONSO FELIZ,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20171-JEM-2

_____

Before LAGOA, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Gernaldo Alfonso Feliz appeals his 108-month sentence imposed after he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.  On appeal, he argues that his sentence is procedurally and substantively unreasonable.  First, he argues that the District Court improperly applied a two-level enhancement under U.S.S.G. § 3C1.2 for the reckless endangerment of another person during flight and failed to reduce his offense level under U.S.S.G. § 3B1.2 for the minor role he played in the broader cocaine smuggling conspiracy.  Second, he argues that the District Court failed to consider his personal history and characteristics or make findings sufficient to justify his sentence.

I.

In February 2021, Feliz and his codefendant piloted a go-fast vessel from the Dominican Republic to Columbia for the purpose of smuggling cocaine. After retrieving 72 kilograms of cocaine from Columbia, Feliz and his codefendant began their return to the Dominican Republic.  On their trip back, Feliz spotted a plane overhead and alerted his codefendant, who started tossing the contraband overboard.

The United States Coast Guard ("USCG") quickly launched a helicopter to intercept the vessel. After USCG members saw

individuals throwing packages overboard, the order was given to fire warning shots.  Feliz ignored these warning shots and continued to flee. USCG members then resorted to firing disabling shots at the boat's engine, which caused the boat to stop. USCG boarded the vessel, determined the vessel was subject to the jurisdiction of the United States, and detained Feliz and his codefendant.

On July 8, 2021, Feliz pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.  The probation office assigned Feliz a base offense level of 34. The probation office then applied an additional two-levels, pursuant to § 2D1.1(b)(3)(C), because Feliz acted as a captain aboard a vessel carrying a controlled substance and added another two-levels, pursuant to § 3C1.2, because Feliz recklessly created a substantial risk of death or serious bodily injury while fleeing law enforcement.  After the application of a three-level reduction for his acceptance of responsibility, Feliz's total offense level was 35.

Feliz had zero criminal history points, which placed him in a criminal history category of I. Based on his offense level of 35 and a criminal history category of I, Feliz was assigned a guidelines sentence range of 168 to 210 months' imprisonment with a ten-year minimum mandatory.

Feliz made several objections to the probation office's presentence report.  First, Feliz objected to the two-level enhancement for reckless endangerment.  Feliz argued that the

enhancement should not apply because his codefendant was a willing participant and there were no other boats in the water. Next, Feliz objected to the two-level increase for acting as a captain and the failure to reduce his offense level by two levels for meeting the safety valve criteria in U.S.S.G § 5C1.2(a)(5). Lastly, Feliz objected to the probation office's failure to apply a two-level reduction for his minor role in the offense. Feliz argued that he was being held responsible for the entire quantity of the drugs, and the court should look at the unindicted co-conspirator's conduct to determine whether his role was minor.

Prior to sentencing, the government did not object to Feliz's objection to the two-level increase for acting as a captain, pursuant to § 2D1.1(b)(3)(C). Moreover, the government agreed that Feliz qualified for the safety valve provision. The government, however, did argue that Feliz did not qualify for the minor role reduction. The government stressed that Feliz's attempt to point to his minor role in a larger conspiracy was irrelevant because Feliz was not being held accountable for the broader conspiracy. Additionally, the government argued that the reckless endangerment enhancement was warranted because USCG operations inevitably create risk.

At sentencing, the District Court noted that it had reviewed the plea agreement, the presentence report, and objections to the presentence report. At this time, Feliz brought forth his unresolved objections to his calculated offense level. The District Court overruled Feliz's objection with respect to the minor role reduction,

stressing that neither Feliz nor his codefendant were minor participants.  Next, Felix brought forth his objection to the reckless endangerment enhancement.  Felix argued that the enhancement was inapplicable because his codefendant did not qualify as "another person" as he was a willing participant in the flight. In response, the government stressed that Feliz's decision to flee endangered USCG members on board the helicopter because they had to reposition the helicopter in order to fire warning and disabling shots. Siding with the government, the District Court overruled Feliz's objection.  After resolving all objections—including the removal of the two-level captaincy enhancement—Feliz had an offense level of 31 with a guidelines sentence range of 108 to 135 months.

The government recommended a sentence around 108 months, noting that Feliz engaged in a high-speed chase that resulted in warning and disabling fire, which proved Feliz knew what he was doing was wrong.  In response, Feliz requested the court to vary downward from the guidelines range due to his poor living conditions and third grade level education.  Moreover, Feliz argued his sentence should be comparable to his codefendant's sentence because both parties had operated the boat, but he happened to be driving when the USCG arrived.

After considering the statements of all parties, the presentence report, and the 18 U.S.C § 3553(a) factors, the District Court found that Feliz met the criteria for the safety valve provision.  As a result, the Court explained it would impose a sentence in

accordance with the advisory guidelines and without regard to any statutory minimum sentence. The Court then imposed a 108-month sentence, explaining that "[a] sentence at the low end of the guidelines range would provide just punishment and adequate deterrence to criminal conduct."

## II.

When reviewing a sentence for reasonableness, we utilize a two-step process, in which we first ensure that the district court committed no significant procedural error, such as improperly calculating the guidelines range. *United States v. Trailer*, 827 F.3d 933, 935–936 (11th Cir. 2016). This Court "review[s] a district court's interpretation of the Sentencing Guidelines and application of the Guidelines to the facts *de novo*, and [it] review[s] the district court's findings of fact for clear error." *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015). We have held that a district court's determination of a defendant's role is a finding of fact and subject to clear error review. *United States v. De Varon*, 175 F.3d 930, 937 & n.3 (11th Cir. 1999) (*en banc*). A finding of fact is clearly erroneous if, after reviewing all of the evidence, we are left with a "definite and firm conviction" that a mistake has been made. *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015).

After determining that a district court's sentencing decision is procedurally sound, we then consider the substantive reasonableness of the sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). When reviewing for substantive reasonableness, we consider the totality of the circumstances under a

deferential abuse-of-discretion standard. *Id.* The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Under an abuse-of-discretion standard, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the U.S.C. § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of U.S.C. § 3553(a)(2), which include the need for a sentence to provide just punishment and deter criminal conduct. 18 U.S.C. § 3553(a).

*A.*

First, Feliz argues that his sentence is procedurally unreasonable because the District Court applied a two-level enhancement for reckless endangerment and failed to remove two-levels from his guideline offense level for his minor role in the drug smuggling conspiracy.

A defendant's offense level should be increased by two levels if the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. According to the commentary, "reckless" means "a situation in which the

defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *See id.* § 3C1.2, comment. (n.2) (cross-referencing U.S.S.G. § 2A1.4, comment. (n.1)). Further, "'[a]nother person' includes any person, except a participant in the offense who willingly participated in the flight." *Id.* § 3C1.2, comment. (n.4). To determine whether a "substantial risk of death or serious bodily injury" exists, § 3C1.2 "requires only that there was a substantial risk that something could have gone wrong and someone could have died or been seriously injured," and conduct that could potentially harm a law enforcement officer is sufficiently reckless. *Matchett*, 802 F.3d at 1198. However, "flight alone is insufficient to warrant an enhancement under this section." *United States v. Wilson*, 392 F.3d 1243, 1247 (11th Cir. 2004).

The Guidelines provide for a two-level reduction to a defendant's guidelines offense level if he was a minor participant in the offense. U.S.S.G. § 3B1.2(b). "A minor participant is someone who is less culpable than most other participants, but whose role could not be described as minimal." *United States v. Martin*, 803 F.3d 581, 591 (11th Cir. 2015) (quotation marks omitted). Determining if a defendant played a minor role in the offense is a fact-intensive inquiry, and the sentencing court should assess the totality of the circumstances, "where no one factor is more important than another." *United States v. Cruickshank*, 837 F.3d 1182, 1195 (11th Cir. 2016) (quotation marks omitted) (determining that

the district court erred in only considering the drug quantity involved in the defendant's offense). The defendant has the burden of proving his mitigating role in the offense by a preponderance of the evidence. *De Varon*, 175 F.3d at 939.

In determining whether the defendant played a minor role, the district court should consider: "(1) the defendant's role in the relevant conduct for which he has been held accountable for at sentencing; and (2) his role compared to that of the other participants in his relevant conduct." *Cruickshank*, 837 F.3d at 1192. With respect to the defendant's relevant conduct, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." *De Varon*, 175 F.3d at 941. A defendant is not entitled to a mitigating role adjustment when he can point to a broader criminal scheme that he was a minor participant in but was not held accountable for. *Id.* The district court may only consider other discernable participants who were involved in the relevant conduct attributed to the defendant. *Martin*, 803 F.3d at 591.

Additionally, the district court should consider these factors when determining whether a defendant qualifies for a minor role reduction: (1) the defendant's degree of understanding of the structure and scope of the criminal activity; (2) the defendant's degree of participation in the organization and planning of the criminal activity; (3) the defendant's degree of decision-making authority or influence over the decision-making authority; (4) the defendant's

nature and extent of participation in the criminal activity, including his actions and his responsibility and discretion in performing those actions; and (5) how much the defendant "stood to benefit" from the activity. *United States v. Presendieu*, 880 F.3d 1228, 1249-50 (11th Cir. 2018) (quotation marks omitted); U.S.S.G. § 3B1.2, comment. (n.3(C)).

Here, Feliz's sentence is not procedurally unreasonable. First, the District Court did not clearly err in finding that Feliz's codefendant was not an active participant in flight or in finding that Feliz recklessly endangered pursuing USCG personnel during flight. The boat——piloted by Feliz—did not stop until USCG members fired disabling shots from a helicopter. Accordingly, the District Court did not clearly err in finding that Feliz recklessly endangered another individual.

Second, the District Court did not clearly err in finding that Feliz was not entitled to a minor role reduction. Feliz was held responsible for possessing cocaine aboard a boat, not for the broader cocaine smuggling conspiracy. And the record supports that Feliz and his codefendant played similar roles in transporting the cocaine aboard. As such, the District Court did not err in refusing to provide Feliz with a minor role reduction.

*B.*

Next, Feliz argues that his sentence is substantively unreasonable because the District Court failed to give weight to his personal history and characteristics.

"[T]he weight given to any § 3553(a) factor is a matter committed to the discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).  The court need not specifically discuss each § 3553(a) factor so long as the record reflects that the court considered those factors.  *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010).  Moreover, if a sentence imposed is below the statutory maximum, that is a factor indicating that the sentence is reasonable.  *United States v. Hunt*, 941 F.3d 1259, 1264 (11th Cir. 2019). However, "[a] district court abuses its discretion when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189 (numbering omitted).

Here, Feliz's sentence is substantively reasonable.  The District Court did not fail to consider his personal history and characteristics, and it was not required to analyze and make specific findings as to each sentencing factor.  Instead, the District Court reasonably chose to place great weight on the need for his sentence to provide just punishment and adequate deterrence.  Finally, the District Court specifically found that Feliz was eligible for the safety valve provision in the Sentencing Guidelines and went on to impose a sentence below the mandatory ten-year minimum sentence. Therefore, we affirm.

AFFIRMED.