[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

Nos. 18-10508, 20-12102

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARCO LAURETI,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:16-cr-60340-BB-1

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

After an 11-day trial, a jury convicted Marco Laureti of conspiracy to commit wire fraud affecting a financial institution and wire fraud affecting a financial institution, arising out of a multimillion-dollar mortgage fraud scheme.[1] He was sentenced to 180 months' imprisonment for these crimes. On appeal, Laureti challenges his convictions and sentence. After careful review, and with the benefit of oral argument, we affirm.

Regarding his convictions, Laureti argues that the district court erred in denying his motion for a new trial, which was based on two grounds: newly discovered evidence and *Brady*/*Giglio*[2] violations. The newly discovered evidence and *Brady/Giglio* material concerned whether the mortgage broker and lender who originated the loans charged in the indictment were licensed in Florida to do so.

Laureti also challenges evidentiary rulings the district court made at trial. He argues that the district court abused its discretion by misapplying Federal Rule of Evidence 404(b) when the court

---

[1] Because we write for the parties, we assume their familiarity with the facts and issues.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

allowed the admission of evidence about a fraudulent mortgage application Laureti submitted to the Small Business Administration (SBA) after the scheme at issue here, but before he was indicted. He also contends that by excluding evidence that would support his theory that two of his co-conspirators had the ability, motive, and opportunity to commit the mortgage fraud without his participation, the district court violated his constitutional right to present a complete defense. Lastly, he maintains that his convictions should be overturned because there was insufficient evidence for a jury to find him guilty of the charged offenses.

The district court did not abuse its discretion in denying the new-trial motion because, even if we assume that the evidence would qualify as newly discovered or as *Brady*/*Giglio* material, Laureti failed to meet even the lowest materiality standard for these doctrines. He has not shown there was a reasonable likelihood that the evidence could have affected the outcome of the trial. *United States v. Stein*, 846 F.3d 1135, 1147 (11th Cir. 2017) (noting that *Giglio* error, a species of *Brady* error, requires a showing that there is a "reasonable likelihood that the false testimony could have affected the judgment" (internal quotation marks omitted)); *see United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (noting that to warrant a new trial, newly discovered evidence must be "such that a new trial would probably produce a different result" (internal quotation marks omitted)); *United States v. Vallejo*, 297 F.3d 1154, 1164 (11th Cir. 2002) (noting that to establish a *Brady* violation, a defendant must show "there is a

reasonable probability that the outcome would have been differ-ent"). At most, the evidence about whether the mortgage broker and lender were properly licensed amounts to cumulative im-peachment evidence. Laureti has not shown a reasonable likeli-hood that such impeachment evidence could have affected the judgment as to Laureti's guilt.

The district court did not abuse its discretion in admitting, under Rule 404(b), evidence of Laureti's subsequent fraudulent SBA mortgage application. Laureti put his intent at issue, and the fraudulent application was probative of intent. *See United States v. Matthews*, 431 F.3d 1296, 1310–11 (11th Cir. 2005) ("[I]n every con-spiracy case, a not guilty plea renders the defendant's intent a ma-terial issue. Evidence of such extrinsic [offenses] as may be proba-tive of a defendant's state of mind is admissible unless the defend-ant affirmatively takes[] the issue of intent out of the case." (altera-tions adopted) (internal quotation marks omitted)).

Laureti's constitutional rights were not violated by the dis-trict court's exclusion of reverse Rule 404(b) evidence about his co-conspirators because he failed to establish that the evidence was likely to make the existence of any element of the offense more or less likely, cast the government's case in a different light, or have a substantial effect on a government witness's credibility. *United States v. Hurn*, 368 F.3d 1359, 1363 (11th Cir. 2004).

The extensive evidence presented at trial was more than suf-ficient to support the jury's verdict.

As to his sentence, Laureti argues that *Giglio* violations occurred at his sentencing hearing, an issue raised for the first time on appeal. He further argues that the district court erred in applying sentencing enhancements for having a leadership or organizing role and for obstruction of justice.[3] And he maintains that his sentence was substantively unreasonable because the district court failed to consider 18 U.S.C. § 3553(a)(6) and there was an unwarranted sentencing disparity between Laureti and one of his co-conspirators.

We find no plain error in the district court's consideration at sentencing of attorney Gary Lehman's testimony and the transcript of the state court proceeding, to which Laureti did not contemporaneously object. *See United States v. Turner*, 474 F.3d 1265, 1275–76 (11th Cir. 2007) (explaining that when a defendant does not contemporaneously object to an evidentiary ruling, we review for plain error). Laureti failed to prove a *Giglio* violation because he has not identified any subsequent disclosure showing the testimony was false. *See Ford v. Hall*, 546 F.3d 1326, 1331–33 (11th Cir. 2008) (noting that to prevail on a *Giglio* claim, a defendant must show that the prosecutor knowingly used testimony that he

---

[3] Laureti does not argue in his briefing that the district court clearly erred in finding facts to support the obstruction of justice enhancement or that the court erred in applying the enhancement to the (unidentified) facts. Indeed, he notes that he raises this issue for preservation only. Assuming the issue was properly preserved, we affirm the district court's application of the enhancement.

subsequently learned was false). The testimony and the transcript were relevant to Laureti's history and characteristics, so the district court was entitled to consider them. *See* U.S. Sent'g Guidelines Manual § 6A1.3(a)    (U.S.    Sent'g    Comm'n    2018);    18 U.S.C. § 3553(a)(1). And even if he could show that plain error occurred, he did not demonstrate how the error could have resulted in an enhanced sentence. *See United States v. Bagley*, 473 U.S. 667, 674–75 (1985); *Brown v. Head*, 272 F.3d 1308, 1317 (11th Cir. 2001) (applying standard *Giglio* framework to an alleged *Giglio* violation that occurred at sentencing).

The district court did not clearly err in applying the enhancement for a leader or organizer role in criminal activity because Laureti concedes that the mortgage fraud scheme was extensive and the evidence supports the district court's finding that Laureti exercised sufficient control or authority over other participants. *United States v. Ndiaye*, 434 F.3d 1270, 1304 (11th Cir. 2006).

Laureti's sentence was not substantively unreasonable. It was within the guidelines range and well below the statutory maximum for the offense, which, although not dispositive, are indicators of reasonableness. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Hunt*, 941 F.3d 1259, 1264 (11th Cir. 2019). The district court properly considered the § 3553(a) factors, and the co-conspirator defendant was not similarly situated to Laureti. *See United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (concluding that a cooperating co-conspirator is not similarly situated to a noncooperating criminal defendant).

20-12102               Opinion of the Court                    7

Finding no reversible error in the district court's rulings, we affirm Laureti's convictions and sentence.[4]

**AFFIRMED.**

---

[4] Carried with the case were Laureti's motions to supplement the record with various documents. This Court has the discretion to supplement the record in appropriate circumstances. *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000). But in doing so, we primarily consider whether the proffered material will help resolve the pending issues. *Id.* Because we conclude that the proffered documents will not help resolve the issues, Laureti's pending motions to supplement the record are DENIED.