[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12336

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARIO FLOYD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:19-cr-00055-TKW-MJF-1

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

On July 12, 2019, law enforcement officers executed a search warrant on the residence of Mario Quentin Floyd in Panama City, Florida. The search revealed an estimated 828.6 grams of marijuana, a large amount of THC cartridges for electronic cigarettes, four firearms, and about $124,000 in cash. Floyd was a convicted felon and knew of his status.

A grand jury charged Floyd via indictment with one count of distribution of a controlled substance (Count I), one count of possession of firearms in furtherance of a drug trafficking offense (Count II), and one count of being a felon in possession of a firearm (Count III). Floyd pleaded guilty to Counts I and III, while Count II was dismissed. Based on a total offense level of 29 and a criminal history category of VI, the United States Sentencing Guidelines range was 151 to 188 months' imprisonment.

Prior to sentencing, Floyd objected to a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(A), for possessing between three and seven firearms, but he expressly withdrew that objection at sentencing. The district court also applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because it found that he had possessed the firearms in connection with his marijuana trafficking offense. Ultimately, the court agreed with the calculation of the guidelines and, after considering the range

and the circumstances of this case, sentenced Floyd to 151 months' imprisonment. It further stated that, "even if [defense counsel] was legally correct that [the firearms] were not possessed in connection with another felony offense, the mere fact that they were in that house with that number of people, with that amount of drugs, would have been a factor that I would have taken into account in imposing that sentence; and I don't see it having changed my view in any way."

Floyd presents several arguments on appeal. First, he argues that his offense level should not have been enhanced for possessing more than three firearms because he did not know where the firearms were located and, thus, did not possess them. Second, he asserts that he did not use the firearms in connection with another felony offense because he did not know where they were located. The government, in response, argues that any error in applying the § 2K2.1(b)(6)(B) enhancement was harmless because the district court stated that it would impose the same total sentence regardless of whether that enhancement applied. We address each point in turn.

## I.

Generally, we review a challenge to a sentence under the abuse of discretion standard. *United States v. Almedina*, 686 F.3d 1312, 1314 (11th Cir. 2012). In doing so, we must first ensure that the district court committed no significant procedural error. *Id.* "A district court procedurally errs if it improperly calculates the sentencing guidelines range, among other things." *Id.* at 1314–15.

"In challenges to sentencing decisions, we review a district court's determinations of law de novo and its findings of fact for clear error." *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019).  For sentencing purposes, possession of a firearm involves a factual finding, which we normally review for clear error.  *United States v. Stallings,* 463 F.3d 1218, 1220 (11th Cir. 2006).

A defendant receives a two-level sentencing enhancement if the convicted offense involved between three and seven firearms.  U.S.S.G. § 2K2.1(b)(1)(A).  We have explained that a defendant's "[p]ossession of a firearm may be either actual or constructive." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011).  "Constructive possession of a firearm exists when a defendant does not have actual possession but instead knowingly has the power or right[] and intention to exercise dominion and control over the firearm." *Id.*  To demonstrate constructive possession, the government must show that "the defendant (1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm." *Id.*  The government may prove constructive possession by direct or circumstantial evidence. *Id.*

We will not review invited errors, however. *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005).  The invited-error doctrine applies where a defendant induced or invited the district court's error. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).  A defendant invites the district court to err when he "expressly acknowledge[s]" that the court may take the action of

which he complains on appeal. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). The doctrine is also implicated where defense counsel "explicitly stated" that she has no objection to the court's proposed action. *United States v. Pendergrass*, 995 F.3d 858, 881 (11th Cir. 2021).

Here, Floyd's challenge to the enhancement under § 2K2.1(b)(1)(A) fails. Specifically, he invited any error by first withdrawing his objection and then stating that (1) his objection was "incorrect," (2) the probation officer was correct about the enhancement, and (3) he had acknowledged that he possessed the four firearms.[1] Thus, we affirm in this respect.

## II.

Procedurally, under Federal Rule of Criminal Procedure 52(a), any error that does not affect substantial rights is harmless and must be disregarded. Hence, we "need not review an issue when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable." *United States v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020) (citing *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006)). In those circumstances, any error in the guideline calculation is harmless. *See id.*

---

[1] In any event, we also conclude that the enhancement applied to Floyd because he knew of the four firearms' presence—he purchased them, used them for protection, and the firearms were in the same room as the "THC cartridges" that he sold and his identification—and he had dominion over the firearms, as they were in his bedroom.

In evaluating the substantive reasonableness of the sentence under this analysis, we will assume that the Sentencing Guidelines error the defendant alleges occurred and then consider what the reduced offense level and corresponding sentencing range would be. *Keene*, 470 F.3d at 1349; *United States v. Lozano*, 490 F.3d 1317, 1324 (11th Cir. 2007). Then, we evaluate the substantive reasonableness of the sentence actually imposed, in light of the reduced sentencing range. *See Keene*, 470 F.3d at 1349.

Substantively, and of relevance to this appeal, the Sentencing Guidelines provide for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The commentary to the Guidelines states that the enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.* § 2K2.1(b)(6)(B) cmt. n.14(A). The commentary further provides that, in the case of a drug trafficking offense, the enhancement applies when a firearm is found in close proximity to drugs or drug paraphernalia. *Id.* § 2K2.1(b)(6)(B) cmt. n.14(B). For purposes of § 2K2.1(b)(6)(B), "[a]nother felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding

one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* § 2K2.1(b)(6)(B) cmt. n.14(C).

Here, it is not necessary for us to resolve whether the district court erred with respect to the challenge to U.S.S.G. § 2K2.1(b)(6)(B) that Floyd now raises on appeal. The district court stated that it would have imposed the same total sentence even if it had sustained his sentencing objection. Further, as we conclude in the next section, Floyd's total sentence was substantively reasonable. Thus, we affirm in this respect. *See Lozano*, 490 F.3d at 1325 ("[T]he . . . prison sentences are not unreasonable. It follows that if there was any error in calculating the [guidelines range], . . . [i]t was harmless.").

## III.

We review a sentence's reasonableness for abuse of discretion, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). A criminal defendant preserves the issue of the substantive reasonableness of his sentence for review by advocating for a less severe sentence. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020).

We will vacate a sentence as substantively unreasonable "only if we are left with the 'definite and firm' conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors" as evidenced by a sentence "that is outside the range of reasonable sentences dictated by the facts of

the case." *Goldman*, 953 F.3d at 1222. "We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *Id.* Nonetheless, we "take the degree of variance into account and consider the extent of a deviation from the guidelines." *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). "Although there is no proportionality principle in sentencing, . . . the justification must be sufficiently compelling to support the degree of the variance." *Id.* Finally, the party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the deference afforded the sentencing court. *See United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009).

A sentence below the statutory maximum is an indication that the sentence is reasonable. *United States v. Hunt*, 941 F.3d 1259, 1264 (11th Cir. 2019). The statutory maximum term of imprisonment for a conviction under 21 U.S.C. § 841(a)(1) involving less than fifty kilograms of marijuana is five years. 21 U.S.C. § 841(b)(1)(D). The statutory maximum term of imprisonment for a conviction under 18 U.S.C. § 922(g)(1) is ten years. 18 U.S.C. § 924(a)(2).

Section 3553(a) mandates that the district court "shall impose a sentence sufficient, but not greater than necessary," to "reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense," adequately deter

criminal conduct, protect the public from further crimes of the defendant, and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(2)(A)–(D).  In addition, the court must consider, in relevant part: the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the guideline sentencing range; and the need to avoid unwarranted sentence disparities.  *Id.* § 3553(a)(1), (3)–(4), (6).

While the district court must consider each § 3553(a) factor, it need not discuss each factor specifically and its statement that it considered the factors is sufficient.  *Goldman*, 953 F.3d at 1222.  The weight that each § 3553(a) factor receives is a matter within the sound discretion of the district court.  *United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008); *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (holding that the district court can place great weight on one factor over others).

Here, Floyd's adjusted offense level, without the four-point enhancement, would have been 25.  When combined with a criminal history category of VI, his guideline range would have been 110 to 137 months' imprisonment.  Because his original range was 151 to 180 months, his 151-month total sentence would have represented an upward variance.

Such an upward variance would still have been substantively reasonable.  First, it was within the district court's discretion to impose an above-guideline range total sentence based on the na-

ture of the offense conduct—the amount of drugs and the number of people in the house.  Second, Floyd's extensive criminal history and the need to deter him from committing further crimes—particularly when his previous shorter sentences failed to deter him—also factored into the district court's decision.  Further, it was within the district court's discretion to give greater weight to the nature of his offense, particularly given that there were children in the house, his criminal history, and the need for deterrence than to his mitigating personal characteristics.  It was also reasonable for the district court to conclude that Floyd was not subject to an unwarranted sentencing disparity on his marijuana trafficking charge, where his criminal history was more extensive than the typical marijuana trafficker's.  Finally, the district court imposed a total sentence below the combined 180-month statutory maximum, which also indicates that it was reasonable.  Thus, we affirm in this respect.

★ ★ ★ ★

After careful consideration, we affirm the judgment of the district court.

**AFFIRMED.**